Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Leah L. Judge (SBN 302406)
ljudge@nortonlaw.com
Celine G. Purcell (SBN 305158)
cpurcell@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Ste. 450
Oakland, CA 94612
Phone: (510) 906-4900
Fax:     (510) 906-4910

Attorneys for Defendants
CABAN SYSTEMS, INC.
and JACQUELINE RASCH CASTILLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIFLORA INTERNATIONAL LTD., a British Virgin Islands company limited by shares,<br><br>Plaintiff,<br><br>v.<br><br>CABAN SYSTEMS, INC., a Delaware corporation; GAIA INVESTMENT HOLDINGS CORP., a Panamanian corporation; ALEXANDRA RASCH, an individual; JACQUELINE RASCH, an individual; NADINE RASCH, an individual; CHRISTIAN RASCH, an individual; and DOES 1–20, inclusive,<br><br>Defendants. | Case No. 3:24-cv-04455<br><br>**DEFENDANT JACQUELINE RASCH CASTILLO'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**<br><br>Date: Thursday, October 31, 2024<br>Time: 10:00 a.m.<br>Courtroom: E<br>Judge: Hon. Thomas Hixon |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, October 31, 2024 at 10:00 a.m. or as soon thereafter as this matter may be heard in the Courtroom of the Honorable Thomas S. Hixson, located in Courtroom E –15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Jacqueline Rasch Castillo will and hereby does move this Court, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Multiflora's Complaint with prejudice on the grounds that (1) the Court lacks personal jurisdiction over her and (2) the Complaint fails to state a claim against her upon which relief may be granted.

This motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; Jacqueline Rasch Castillo's Notice of Joinder and Joinder in Part to Defendant Caban Systems, Inc's Motion to Dismiss; the declaration of Jacqueline Rasch Castillo; the pleadings and other documents on file in this case; all other matters of which the Court may take judicial notice; and any other argument or evidence that may be received by the Court upon hearing of these Motions.

**STATEMENT OF RELIEF SOUGHT**

Jacqueline Rasch Castillo moves pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to Complaint with prejudice.

Dated: September 20, 2024

Respectfully Submitted,

THE NORTON LAW FIRM PC

By: */s/ Leah Judge*
Leah Judge

Attorneys for Defendants
CABAN SYSTEMS, INC.,
and JACQUELINE RASCH CASTILLO

1

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   BACKGROUND ...................................................................................................... 1

III.  LEGAL STANDARD ............................................................................................. 3

    A.   Motion To Dismiss Pursuant To Rule 12(B)(2) ................................................ 3

    B.   Motion To Dismiss Pursuant To Rule 12(B)(6) ................................................ 3

IV.   THE COURT LACKS PERSONAL JURISDICTION OVER JACQUELINE ........... 3

    A.   The Court May Not Exercise General Jurisdiction Over Jacqueline ................. 3

    B.   The Court May Not Exercise Specific Jurisdiction Over Jacqueline ................. 5

        1.   Multiflora Cannot Establish that Jacqueline Purposefully Directed Her Activities to California ......................................................................................... 6

        2.   Multiflora Cannot Establish that its Claims Against Jacqueline "Arise from" or "Relate to" Jacqueline's California-Related Activities ......................... 7

        3.   Subjecting Jacqueline to Suit in California Would be Unreasonable ................. 8

V.    THE COURT SHOULD DISMISS ALL CLAIMS ASSERTED AGAINST JACQUELINE FOR FAILURE TO STATE A CLAIM ........................................ 9

    A.   All Claims Against Jacqueline Rasch Castillo Are Time-Barred ................... 10

        1.   The Statute of Limitations for Each Claim is Three Years or Less, Barring the Claims ....................................................................................... 10

            a.   The claim for aiding and abetting breach of fiduciary duty is time barred ............................................................................ 10

            b.   The conversion claim is time barred ................................................ 11

            c.   The "fraudulent transfer" claim is time-barred ............................... 12

            d.   The tortious interference with contract claim is time-barred .................. 12

            e.   The conspiracy claim is time-barred ................................................ 12

            f.   The constructive trust claim is time-barred ..................................... 12

            g.   The claim for declaratory relief is time-barred ............................... 13

    B.   Multiflora Pleads No Facts To Support Its Claims Against Jacqueline ........... 13

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.      The Aiding and Abetting Breach of Fiduciary Duty Claim Fails
        because Multiflora Does Not Plead Jacqueline's Knowledge of
        Any Breached Duty ..................................................................................... 14

2.      The Conversion Claim Fails because Multiflora Does Not Plead
        Jacqueline's Knowledge of Wrongdoing ............................................... 15

3.      The "Fraudulent Transfer" Claim Fails because Multiflora Does
        Not Plead Jacqueline's Knowledge of Wrongdoing .............................. 16

4.      The Tortious Interference Claim Fails because Multiflora Does
        Not Plead that Jacqueline Engaged in an Independently Wrongful Act ............. 16

5.      The Conspiracy Claim Fails because Multiflora Inadequately Pleads
        Knowledge of Wrongdoing or the Existence of an Agreement ........................... 17

6.      Multiflora Does Not Plead Claims for Constructive Trust and
        Declaratory Relief ..................................................................................... 17

   C.   Leave To Amend Should Be Denied Because Amendment Would Be Futile ................ 18

VI.     CONCLUSION ........................................................................................................ 18

---

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Master Lease LLC v. Idanta Partners, Ltd.*,
   225 Cal. App. 4th 1451, 171 Cal. Rptr. 3d 548 (2014).......................................... 10, 11, 14, 15

*AmerUS Life Ins. Co. v. Bank of Am., N.A.*,
   143 Cal. App. 4th 631 (2006) ........................................................................................... 11

*Apex Maritime Co. (LAX) v. Crown Brands, LLC*,
   No. 22-CV-07055-TSH, 2023 WL 4034213 (N.D. Cal. May 11, 2023) ................................ 9

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) ............................................................................................... 8

*Caruth v. Int'l Psychoanalytical Ass'n*,
   59 F.3d 126 (9th Cir. 1995) ................................................................................................ 9

*Chung v. Chih-Mei*,
   No. 22-CV-01983-PCP, 2024 WL 390066 (N.D. Cal. Jan. 31, 2024) ................................. 4

*Cubbage v. Merchent*,
   744 F.2d 665 (9th Cir. 1984) .............................................................................................. 5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)............................................................................................................. 4

*Davis v. Cranfield Aerospace Sols., Ltd.*,
   71 F.4th 1154 (9th Cir. 2023) ........................................................................................ 6, 7

*DC Comics v. Pac. Pictures Corp.*,
   938 F. Supp. 2d 941 (C.D. Cal. 2013) ............................................................................... 12

*EcoHub, LLC v. Recology Inc.*,
   No. 22-CV-09181-TSH, 2023 WL 6725632 (N.D. Cal. Oct. 11, 2023).................................. 13, 14, 18

*FDIC v. British-American Ins. Co.*,
   828 F.2d 1439 (9th Cir. 1987) ............................................................................................ 9

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
   284 F.3d 1114 (9th Cir. 2002) ............................................................................................ 5

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
   72 F.4th 1085 (9th Cir. 2023) ...................................................................................... 5, 6, 8

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013) ...................................................................................... 4, 5, 7

iii

*In re Wireless Facilities, Inc. Derivative Litig.*,
   562 F. Supp. 2d 1098 (S.D. Cal. 2008) ............................................................................ 4, 7

*Ixchel Pharma, LLC v. Biogen, Inc.*,
   9 Cal. 5th 1130 (2020) ................................................................................................ 16, 17

*Lazar v. Superior Court*,
   12 Cal. 4th 631 (1996) ...................................................................................................... 16

*LNS Enterprises LLC v. Cont'l Motors, Inc.*,
   22 F.4th 852 (9th Cir. 2022) ............................................................................................... 7

*M2 Software Inc. v. M2 Commc'ns, L.L.C.*,
   149 F. App'x 612 (9th Cir. 2005) ....................................................................................... 7

*Martensen v. Koch*,
   942 F. Supp. 2d 983 (N.D. Cal. 2013) ............................................................................... 4

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ............................................................................................ 3

*Menzel v. Scholastic, Inc.*,
   No. 17-CV-05499-EMC, 2018 WL 1400386 (N.D. Cal. Mar. 19, 2018)........................... 13

*N. Am. Lubricants Co. v. Terry*,
   No. CIV. 11-1284 KJM GGH, 2012 WL 1108918 (E.D. Cal. Apr. 2, 2012)....................... 4

*Nat'l Specialty Pharmacy, LLC v. Padhye*,
   No. 23-CV-04357-PCP, 2024 WL 2206336 (N.D. Cal. May 16, 2024) ......................... 4, 6

*Paulson Inv. Co. v. Norbay Sec., Inc.*,
   603 F. Supp. 615 (D. Or. 1984) ......................................................................................... 7

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ............................................................................................ 6

*Pratt v. Higgins*, No. 22-CV-0,
   4228-HSG, 2023 WL 4564551 (N.D. Cal. July 17, 2023) ................................................ 15

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ......................................................................................... 3, 4

*Shaffer v. Heitner*,
   433 U.S. 186 (1977).............................................................................................................. 7

*Shoaga v. City of San Pablo*,
   No. 23-CV-05525-DMR, 2024 WL 3956326 (N.D. Cal. Aug. 26, 2024)........................ 11

*Spates v. Dameron Hosp. Assn.*,
   114 Cal. App. 4th 208 (2003) ........................................................................................... 15

iv

*Thomson v. Canyon*,
    198 Cal. App. 4th 594 (2011) ........................................................................................ 10, 11

*Wynne v. Arteaga*,
    No. 23-CV-02365-DMR, 2024 WL 405049 (N.D. Cal. Feb. 2, 2024) ................................... 11

**Statutes**

Civ. Proc. Code § 338(c) .......................................................................................................... 11

## I.  INTRODUCTION

Plaintiff Multiflora is a family-owned company currently controlled by Allan and Olaf Rasch. Having wrested control of the company from their brother Christian, Allan and Olaf now sue Christian, Gaia Investment Holdings Corp, Caban Systems Inc., and Christian's three daughters—including defendant Jacqueline Rasch Castillo—vaguely alleging a grand conspiracy to help Christian steal Multiflora's Caban shares by transferring them to Gaia in September 2020.

The Complaint's paucity of factual allegations demonstrates the implausibility of Multiflora's claims.  Multiflora repeatedly pleads "upon information and belief," groups defendants together without distinction, and offers conclusory recitations of legal elements.  Moreover, Multiflora's own allegations negate a central element of its claims: by pleading that Christian's authority to act on behalf of Multiflora was heavily litigated for the last four years and only recently adjudicated in May 2024, Multiflora concedes that it was impossible for Jacqueline to know she was engaged in purportedly wrongful conduct in connection with the share transfer.  Consequently, Multiflora fails to state a single claim against Jacqueline.

But even if Multiflora's claims did not fail as a matter of law, the claims are nonetheless barred by the relevant three-year statutes of limitations, which began to run as early as July 10, 2020 but no later than February 2021.  As the Complaint alleges, Multiflora suspected Christian of stealing from the company when it filed a criminal complaint against him in Guatemala in July 2020.  And even if that did not suffice to trigger the statutes of limitations, Multiflora's admitted receipt of documentation in February 2021 showing that Christian transferred the Caban shares to Gaia without evidence of payment surely did.  As a result, Multiflora sued Jacqueline at least five months too late and the Complaint must be dismissed.

Given these incurable pleading defects, Jacqueline respectfully requests that the Court dismiss the Complaint with prejudice.

## II.  BACKGROUND

Defendant Jacqueline Rasch Castillo joins Section II of Caban's Motion to Dismiss.

Multiflora pleads very little about Jacqueline.  The bulk of Multiflora's Complaint impermissibly groups Jacqueline in with the other defendants, *see, e.g.*, Compl. ¶ 58 ("Defendants have intentionally

and substantially interfered with Plaintiff Multiflora's property …"); makes allegations about her "upon information and belief," *see, e.g., id.* ¶ 19 ("Upon information and belief … Christian communicated … to Jacqueline …"), or recites an element of a claim and asserts in conclusory fashion that Jacqueline did whatever the element requires for liability. *See, e.g., id.* ¶ 78 ("To effectuate this fraudulent scheme, Jacqueline knowingly signed …"). Indeed, the only *factual* allegations about Jacqueline are:

- Jacqueline is Christian's daughter. *Id.* ¶ 8.

- Jacqueline is Alexandra and Nadine's sister. *Id.*

- Jacqueline was appointed director and secretary of Gaia on August 27, 2020. *Id.* ¶ 6.

- Jacqueline signed the Stock Transfer Agreement transferring Multiflora's Caban shares to Gaia "as secretary of Gaia" on August 30, 2020. *Id.* ¶ 38.

Multiflora pleads even fewer jurisdictional facts about Jacqueline. It alleges only: "Upon information and belief, Defendant JACQUELINE RASCH is currently a resident of Miami, Florida. Upon information and belief, at all relevant times alleged herein, she was a resident of Santa Clara, California." Compl. ¶ 6.

In fact, Jacqueline is a resident of Guatemala City, Guatemala who possesses only Guatemalan and German citizenship. Declaration of Jacqueline Rasch Castillo (Rasch Decl.) ¶ 2. Jacqueline did not reside in Santa Clara, California at "all relevant times"; she resided in California only from 2014 until June 2018 when she attended college at Santa Clara University. *Id.* ¶ 3. After graduating, Jacqueline immediately moved home to Guatemala and has resided there ever since. *Id.* Indeed, when Jacqueline executed the Share Transfer Agreement on behalf of Gaia—the act that forms the only basis for any of the claims asserted against her—she resided in Guatemala, as the Agreement itself shows. Compl. Ex. C.

Although Jacqueline is an independent contractor for Caban, she has worked for the company from Guatemala since September 2018. Rasch Decl. ¶ 5. Jacqueline's direct reports all reside outside of California and her direct supervisor resides in Canada. *Id.* ¶ 6. Jacqueline currently leads global sales operations and sustainability reporting, and her day-to-day work does not involve communicating with individuals based in California or managing contracts with California-based entities. *Id.* Before assuming this role, Jacqueline was the project manager for all Caban's activities in Mexico and the Dominican Republic. *Id.* She continues to lead Caban's global marketing efforts. *Id.*

Since returning home to Guatemala in 2018, Jacqueline has visited California two to four times per year.  Rasch Decl. ¶ 8.  Until spring 2021, Jacqueline visited the state primarily to attend work-related meetings; since then, she has traveled to California to accompany her mother to UCSF for medical appointments.  *Id.*  Jacqueline owns no property in California, has never sued anyone in California, and—until now—has never been named as a defendant in a lawsuit in California. *Id.* ¶¶ 9-10.

Despite Jacqueline's tenuous connection to both California and the scheme alleged in this complaint, Multiflora nonetheless brings claims against Jacqueline for (1) aiding and abetting breach of fiduciary duty; (2) conversion; (3) civil conspiracy; (4) fraudulent transfer; (5) tortious interference with contract; (6) constructive trust; and (7) declaratory relief.

## III.    LEGAL STANDARD

### A.    Motion To Dismiss Pursuant To Rule 12(B)(2)

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Uncontroverted allegations in the complaint are taken as true, but in the face of a contradictory affidavit, the "plaintiff cannot simply rest on the bare allegations of its complaint[.]"  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

### B.    Motion To Dismiss Pursuant To Rule 12(B)(6)

Jacqueline joins Section III of Caban's Motion to Dismiss setting forth the legal standard the Court applies on a Rule 12(b)(6) motion when the complaint sounds in fraud.

## IV.    THE COURT LACKS PERSONAL JURISDICTION OVER JACQUELINE

The Court must dismiss this case because Jaqueline's minimal contacts with California do not support the exercise of either general or specific personal jurisdiction.

### A.    The Court May Not Exercise General Jurisdiction Over Jacqueline

Because Jacqueline is a citizen of Guatemala who resides in Guatemala, only periodically visits California, has no California driver's license, and owns no property in the state, Multiflora cannot establish that this California Court may exercise general jurisdiction over her.  To "establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to 'constitute the

kind of continuous and systematic general business contacts that approximate physical presence.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Martensen v. Koch*, 942 F. Supp. 2d 983, 991 (N.D. Cal. 2013) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).  For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Among the factors courts consider when analyzing whether they may exercise general jurisdiction over an individual are the defendant's citizenship and residence, *Nat'l Specialty Pharmacy, LLC v. Padhye*, No. 23-CV-04357-PCP, 2024 WL 2206336, at *2 (N.D. Cal. May 16, 2024) ("This Court does not have general personal jurisdiction over Ms. Bridges because she does not live in California."); *Chung v. Chih-Mei*, No. 22-CV-01983-PCP, 2024 WL 390066, at *3 (N.D. Cal. Jan. 31, 2024) (no general jurisdiction over Chinese citizen living in Taiwan); the frequency of the defendant's visits to the forum, *Martensen*, 942 F. Supp. 2d at 991 (periodic visits insufficient for general jurisdiction); whether the defendant has a driver's license in the forum, *In re Wireless Facilities, Inc. Derivative Litig.*, 562 F. Supp. 2d 1098, 1103 (S.D. Cal. 2008); and whether the defendant owns property in the forum, *N. Am. Lubricants Co. v. Terry*, No. CIV. 11-1284 KJM GGH, 2012 WL 1108918, at *6 (E.D. Cal. Apr. 2, 2012) (but noting that property ownership alone is insufficient for general jurisdiction).

All these factors weigh against exercising general jurisdiction over Jacqueline.  She is not an American citizen, Rasch Decl. ¶ 2; she does not reside in California (or anywhere in the United States), *id.*; she only periodically visits California, *id.* ¶ 8; she has no California driver's license, *id.* ¶ 3; and she does not own property in California, *id.* ¶ 9.  Although she is a contractor for a California company, she physically works in Guatemala.  *Id.* ¶ 5.

Multiflora makes no real effort to plead that the Court may exercise general jurisdiction over Jacqueline.  It alleges only "upon information and belief" that Jacqueline "is currently a resident of Miami, Florida" and that "at all relevant times alleged herein, she was a resident of Santa Clara,

California." These allegations are contradicted by Jacqueline's affidavit. In fact, Jacqueline resided in Santa Clara, California only from 2014 until June 2018, while a student at Santa Clara University. Rasch Decl. ¶¶ 2-4. After graduating, Jacqueline immediately moved home to Guatemala City, where she has resided ever since. *Id.* ¶ 3, 5. None of the activities alleged in the complaint that involved Jacqueline—namely, her execution of the Multiflora-Gaia Share Transfer Agreement in September 2020—occurred while Jacqueline resided in California. Instead, as the Agreement itself shows, Jacqueline was in Guatemala City. Dkt. 1-1 Ex. C.

The Ninth Circuit has declined to exercise general jurisdiction over defendants with far greater contacts than Jacqueline. *See, e.g.*, *Cubbage v. Merchent*, 744 F.2d 665, 667–68 (9th Cir. 1984) (no jurisdiction over doctors despite significant numbers of patients in forum, use of forum state medical insurance system and telephone directory listing that reached forum). As the Ninth Circuit has put it, even if Jacqueline has "stepped through the door" of the California forum, "there is no indication that [she] has sat down and made [herself] at home." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002). The Court should conclude it lacks general jurisdiction over Jacqueline.

### B.   The Court May Not Exercise Specific Jurisdiction Over Jacqueline

Because the claims asserted against Jacqueline are all intentional torts, the Court's exercise of specific personal jurisdiction requires Multiflora to show that (1) Jacqueline purposefully directed her activities to California and (2) Multiflora's claims arise from or relate to Jacqueline's California-related activities. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090-91 (9th Cir. 2023). The burden shifts to Jacqueline to show that the exercise of jurisdiction would not be reasonable only if Multiflora makes this showing. *Id.* at 1090.

A defendant "purposefully directs" her conduct at or to a forum when she (1) commits an intentional act (2) expressly aimed at the forum that (3) causes harm the defendant knows is likely to be suffered in the forum. *Herbal Brands*, 72 F.4th at 1091. This "effects" test focuses on where the consequences of a defendant's actions were felt, rather than where the actions occurred. *Id.* Conduct "arises" from a defendant's forum-related contacts where a "direct nexus exists between those contacts and the cause of action." *In re Western States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d at 742.

5

Multiflora cannot establish that Jacqueline purposefully directed her conduct at California, or that Multiflora's claims arise from any of her California-related activities. And even if it could, it would be unreasonable for the Court to exercise specific personal jurisdiction over her.

### 1. Multiflora Cannot Establish that Jacqueline Purposefully Directed Her Activities to California

The Complaint nowhere alleges facts showing Jacqueline committed an intentional act, expressly aimed at California, that caused harm Jacqueline knew was likely to be suffered in California. *Herbal Brands*, 72 F.4th at 1091. The crux of Multiflora's complaint is that defendants conspired to steal Multiflora's Caban shares. Compl. ¶ 1. The *only* "intentional act" Jacqueline allegedly undertook in connection with that scheme was to sign the Stock Transfer Agreement on behalf of Gaia. *Id.* ¶ 38. But there are no facts alleged showing that Jacqueline's act of signing this Stock Transfer Agreement—which moved shares of a Delaware company with a California principal place of business from a BVI company to a Panamanian corporation, *id.* ¶¶ 3, 4—was "expressly aimed" at California, or that Jacqueline knew that this single act was likely to cause harm in California. *See National Specialty Pharmacy, LLC*, 2024 WL 2206336, at *3 ("[T]he complaint does not clearly allege any specific intentional acts by Ms. Bridges that were expressly aimed at California, let alone that Ms. Bridges knew these actions would cause harm in California or that [plaintiff's] claims against her arise out of any such actions."). Indeed, the Complaint concedes the opposite by alleging that the loss of the Caban stock harmed *Multiflora*—a BVI company with its principal place of business in Guatemala. Compl. ¶ 2. Even assuming Jacqueline's actions caused harm somewhere, Jacqueline cannot be deemed to have known that harm would occur in California if Multiflora alleges it occurred somewhere else entirely. *See Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023) ("The purposeful direction test cannot support jurisdiction here because [plaintiffs] fail to allege that [defendant] injured them in [the relevant forum]."); *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (no purposeful direction by non-resident defendant in tortious inference case where intentional acts all occurred outside forum-state and the alleged injury was "not tethered to California in any meaningful way."). There is thus no basis in the Complaint to find Jacqueline "purposefully directed" her conduct at California.

### 2.   Multiflora Cannot Establish that its Claims Against Jacqueline "Arise from" or "Relate to" Jacqueline's California-Related Activities

Multiflora fares no better on the second requirement for specific jurisdiction, that its claims arise from or relate to Jacqueline's California-related contacts.  *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 861 (9th Cir. 2022).  None of Jacqueline's California-related activities is causally related to the claims asserted against her in this case.  *See In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 742 ("Under the 'but for' test, 'a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action.'") (citation omitted).

Again, the Complaint's only alleged conduct by Jacqueline relevant to Multiflora's claims against her is the signing of the Stock Transfer Agreement.  Compl. ¶ 38.  That Agreement is a contract between two foreign companies, signed on behalf of those companies by two individuals in Guatemala, that contains a Delaware choice of law clause.  *Id.* ¶ 38, Ex. C.  *See Davis*, 71 F.4th at 1163 ("Neither the contract's negotiations, terms, nor contemplated consequences establish that [nonresident defendant] formed a substantial connection with [forum state].")*; see also id.* (choice of law clause relevant to specific jurisdiction).  That the Stock Transfer Agreement involves stock in a California-based company has little relevance to the jurisdictional analysis.  *See Paulson Inv. Co. v. Norbay Sec., Inc.*, 603 F. Supp. 615, 619 (D. Or. 1984) (explaining that the Supreme Court's decision in *Shaffer v. Heitner,* 433 U.S. 186 (1977) makes clear that "the mere presence of stock in [the forum] is not sufficient" to assert specific personal jurisdiction over nonresident defendant); *M2 Software Inc. v. M2 Commc'ns, L.L.C.*, 149 F. App'x 612, 615 (9th Cir. 2005) (stock ownership in a forum defendant is insufficient for specific jurisdiction in that forum).  More to the point, Jacqueline's connections with California have nothing to do with the alleged conspiracy to steal Multiflora's Caban stock.

That Jacqueline works remotely for California-based Caban and even visits California does not alter this conclusion.  Rasch Decl. ¶ 5,8.  Jacqueline's job at Caban—running global operations and sustainability reporting while also leading marketing efforts, *id.* ¶ 6—has nothing to do with the transfer of Caban's stock among its shareholders, let alone Multiflora's claims that Jacqueline allegedly facilitated an improper transfer *while acting on behalf of Panamanian Gaia*.  Multiflora's claims simply do not "arise from" Jacqueline's California activities.  *See, e.g., In re Wireless Facilities, Inc. Derivative*

7

*Litigation*, 562 F. Supp. 2d at 1104 (derivative claims against two nonresident company directors for breach of fiduciary duty to California company did not "arise" out of non-resident directors' contacts with California; contacts for one defendant included "two or three visits [to California] while acting in his official capacity" and "weekly conference calls" with California employees, and contacts for another included "fourteen visits to California" and "participation in conference calls" with California employees).

Because Jacqueline's California-related activities are both limited and unconnected to Multiflora's claims against her, the suit does not "arise from" Jacqueline's California contacts. Multiflora thus fails to meet both the "purposeful direction" and "arising from" prongs of the specific jurisdictional analysis and the Complaint must be dismissed against Jacqueline.

### 3. Subjecting Jacqueline to Suit in California Would be Unreasonable

Because Multiflora cannot meet its burden to show that Jacqueline purposefully directed her activities to California and that Multiflora's claims arise out of those activities, the Court need not assess whether it would be reasonable to exercise jurisdiction over Jacqueline.  *Herbal Brands*, 72 F.4th at 1090.  Nonetheless, it would be unreasonable to exercise jurisdiction over a Guatemalan citizen whose forum-related actions have no connection to claims brought by a foreign company against six defendants, only one of which is domiciled in California.  Compl. ¶¶ 2-8.

In considering whether the exercise of jurisdiction would be reasonable, courts consider several factors:  (1) the extent of purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021).   These factors weigh against this Court's exercise of jurisdiction over Jacqueline.

As discussed above, Jacqueline's only intentional act occurred outside California, was not aimed at California, and did not cause Multiflora harm in California.  *Ayla, LLC*, 11 F.4th at 984 ("The purposeful interjection factor in the reasonableness analysis is analogous to the purposeful direction factor.") (quotation omitted).  Moreover, Jacqueline is a citizen and resident of Guatemala, and "a

foreign nation presents a higher sovereignty barrier than another state within the United States." *FDIC v. British-American Ins. Co.,* 828 F.2d 1439, 1444 (9th Cir. 1987) (quotation omitted) (California jurisdiction over foreign defendant unreasonable although an employee of a foreign defendant's subsidiary signed a contract and deposited money in California).  California also has little to no interest in adjudicating this dispute; plaintiff is a BVI company located in Guatemala, not a California citizen. *See Apex Maritime Co. (LAX) v. Crown Brands, LLC*, No. 22-CV-07055-TSH, 2023 WL 4034213, at *5 (N.D. Cal. May 11, 2023), *report and recommendation adopted,* No. 22-CV-07055-JSC, 2023 WL 8696366 (N.D. Cal. Aug. 22, 2023) (recognizing California courts have "a strong interest in protecting" California businesses "from the conduct of nonresidents").

California is likewise not the most efficient forum; according to Multiflora, not a single individual defendant identified in the complaint currently resides in California, Compl. ¶¶ 2-8 (alleging residence in Florida and Guatemala only), and even Caban is currently moving its headquarters outside the state.  Rasch Decl. ¶ 7.  *See Apex Maritime Co. (LAX)*, 2023 WL 4034213, at *5 ("Efficiency in the jurisdictional context is focused on the location of the evidence and witnesses.").  Indeed, Multiflora itself is in Guatemala and does not allege that it has operations or witnesses in California, indicating there is little to no benefit accruing to Multiflora by litigating here.  *Compare id* at *6 (finding benefit to plaintiff that "regularly conducts operations through California ports").  As to the unavailability of an alternative forum in which to sue Jacqueline, Multiflora has made no showing that such a forum is unavailable.  *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995) (plaintiff bears burden of showing unavailability of a different forum).  Indeed, Multiflora has already shown itself capable of seeking and obtaining relief in foreign jurisdictions for the very conduct it complains of in this Complaint.  Compl. ¶¶ 23, 42, Ex. F.

In sum, the reasonableness factors weigh against exercising jurisdiction over Jacqueline. Because Jacqueline's minimal California contacts are unrelated to Multiflora's claims, there is no basis to bring her into court here.

## V.  THE COURT SHOULD DISMISS ALL CLAIMS ASSERTED AGAINST JACQUELINE FOR FAILURE TO STATE A CLAIM

The entire complaint must be dismissed as to Jacqueline because each of the seven claims

asserted against her by Multiflora is time-barred, pleaded without inadequate factual support, or a combination of the two.

### A.   All Claims Against Jacqueline Rasch Castillo Are Time-Barred

Jacqueline joins Sections IV(A)(1) and IV(A)(2) of Caban's Motion to Dismiss.  Those sections explain why, under the discovery rule, the claims accrued as early as July 10, 2020, but not later than February 2021, and the claims are not saved by the doctrine of equitable tolling.

### 1.   The Statute of Limitations for Each Claim is Three Years or Less, Barring the Claims

Multiflora filed this complaint on July 23, 2024, asserting seven claims against Jacqueline: (1) aiding and abetting breach of fiduciary duty; (2) conversion; (3) fraudulent transfer; (4) tortious interference with contract; (5) civil conspiracy; (6) constructive trust; and (7) declaratory relief.   Given that Multiflora was aware of the basis for its claims by July 10, 2020, when it first began filing criminal complaints against Christian in Guatemala, all claims accrued by that date, and all were time-barred before the complaint was filed here, over four years later.  Even if the claims did not accrue until February 2021—when Multiflora unequivocally pleads it suspected that the Caban shares had been transferred to Gaia without payment—all the substantive torts (claims one through four) accrued no later than that date, have two or three-year statutes of limitations, and are untimely because the limitations periods expired no later than February 2024.  The conspiracy claim is untimely because it relies on the commission of the underlying, time-barred torts; similarly, the remedies of constructive trust and declaratory relief are unavailable because the alleged torts they seek to remediate are time-barred. Accordingly, the entire Complaint must be dismissed against Jacqueline.

### a.   The claim for aiding and abetting breach of fiduciary duty is time barred

"The statute of limitations for a cause of action for aiding and abetting a tort generally is the same as the underlying tort." *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1478, 171 Cal. Rptr. 3d 548 (2014), *as modified* (May 27, 2014).  The statute of limitations for a breach of fiduciary duty claim sounding in fraud is three years. *Id.* at 1479.  The three-year bar applies here because fraud is the "gravamen of the cause of action," *Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011); Multiflora alleges that defendants breached fiduciary duties allegedly owed to Multiflora by

concealing from Multiflora the unauthorized transfer of Multiflora's Caban shares to Gaia without consideration. *Compare id.* at 607 (breach of fiduciary duty claim did not sound in fraud because "claim is not founded upon the concealment of facts").  Multiflora was aware of this claim no later than February 2021 and the claim accrued no later than February 2024, three years later.  The aiding and abetting breach of fiduciary claim is at least five months late and must be dismissed.

### b.  The conversion claim is time barred

Multiflora alleges that all "Defendants," lumping in Jacqueline, converted Multiflora's Caban shares or aided and abetted that conversion.  *See* Compl. ¶¶ 56-61.  Conversion has a three-year statute of limitations, the claim accrued no later than February 2021, and the claim should have been filed by February 2024 at the absolute latest.

"Conversion is the wrongful exercise of dominion over the property of another."  *Shoaga v. City of San Pablo*, No. 23-CV-05525-DMR, 2024 WL 3956326, at *6 (N.D. Cal. Aug. 26, 2024).  The statute of limitations for conversion is three years, as is the limitations period for aiding and abetting the tort. *Wynne v. Arteaga*, No. 23-CV-02365-DMR, 2024 WL 405049, at *4 (N.D. Cal. Feb. 2, 2024) (citing Civ. Proc. Code § 338(c)); *Am. Master Lease LLC*, 225 Cal. App. 4th at 1478 ("The statute of limitations for a cause of action for aiding and abetting a tort generally is the same as the underlying tort.").  The limitations period "is triggered by the act of wrongfully taking property."  *AmerUS Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639 (2006), *as modified* (Oct. 30, 2006) (quotation omitted).  Moreover, a plaintiff can invoke the discovery rule on a conversion claim only when the defendant "fraudulently conceals" facts through "affirmative acts or representations" or "fails to disclose facts" in violation of a fiduciary duty.  *Wynne*, 2024 WL 405049, at *4 (quotations omitted).

The closet Multiflora comes to pleading that Jacqueline converted Multiflora's Caban shares is to allege that Jacqueline signed the Multiflora-Gaia Stock Transfer Agreement in her capacity as Gaia's secretary and director on August 30, 2020, and conclusorily alleging that Gaia "operat[es] as [Jacqueline, Alexandra, and Nadine's] alter ego."  *Id.*  ¶¶ 38, 67.  Even assuming these allegations were sufficient to state a claim against Jacqueline for conversion (they are not, as discussed below), the complaint contains no factual allegations that Jacqueline fraudulently concealed anything from Multiflora or that Jacqueline owed fiduciary duties to Multiflora.  The discovery rule thus does not apply

11

to toll the claim.  But even if it did, the alleged "act of wrongfully taking property" occurred on August 30, 2020, *id.* ¶ 38, Multiflora discovered the allegedly wrongful taking no later than February 2021, and the three-year limitations period expired in February 2024.  Multiflora filed its conversion claim against Jacqueline at least five months late and the claim must be dismissed.

### c.   The "fraudulent transfer" claim is time-barred

Jacqueline joins Section IV(A)(3)(c) of Caban's Motion to Dismiss.  Multiflora's "fraudulent transfer" claim is in fact a claim for conversion by fraud or deceit, has a three-year limitations period, and must be dismissed as time-barred.

### d.   The tortious interference with contract claim is time-barred

The Complaint alleges interference with Multiflora's "existing business relationship with defendant Caban Systems as the owner and holder of 855,511 shares," Compl. ¶ 95, and with its "right to profit from its ownership of shares," *id*. ¶ 96.  Again, the Complaint alleges nothing about how *Jacqueline* interfered with Multiflora's relationship with Caban, and the best it does is to allege in conclusory fashion that Gaia "operat[es]" as the alter ego of Jacqueline and her sisters.  *Id*. ¶ 67.  Even assuming these allegations were sufficient to state a claim against Jacqueline for conversion (they are not, as discussed below), the statute of limitations on claims for both tortious interference with an existing contract and tortious interference with prospective economic relations is only two years.  *DC Comics v. Pac. Pictures Corp.*, 938 F. Supp. 2d 941, 948, 952 (C.D. Cal. 2013); *see also* Cal. Civ. Pro. § 339 (1).  The latest point at which the tortious interference claims could have accrued was February 2021—when Multiflora allegedly knew its Caban shares had been transferred to Gaia without authorization and with no evidence of payment.  The two-year limitations period thus ran no later than February **2023.**  The claim against Jacqueline is more than a year late and must be dismissed

### e.   The conspiracy claim is time-barred

Jacqueline joins Section IV(A)(3)(e) of Caban's Motion to Dismiss.  The conspiracy claim is time-barred because the limitations period for all substantive torts undergirding the conspiracy theory, including aiding and abetting breaches of fiduciary duty, ran no later than February 2024.

### f.   The constructive trust claim is time-barred

Jacqueline joins Section IV(A)(3)(f) of Caban's Motion to Dismiss. The constructive trust claim

1    is time-barred because the limitations periods for the substantive torts supporting a constructive trust

2    remedy, including aiding and abetting breaches of fiduciary duty, ran no later than February 2024.

3    <center>**g.  The claim for declaratory relief is time-barred**</center>

4    Jacqueline joins Section IV(A)(3)(g) of Caban's Motion to Dismiss. The declaratory relief claim

5    is time-barred because the limitations period for the substantive claims undergirding the claim for

6    declaratory relief, including aiding and abetting breaches of fiduciary duty, ran no later than February

7    2024.

8    <center>**B.    Multiflora Pleads No Facts To Support Its Claims Against Jacqueline**</center>

9    In addition to being time barred, the claims against Jacqueline should be dismissed because

10   Multiflora does not plead facts, as opposed to legal conclusions, sufficient to render the claims plausible.

11   Multiflora pleads only four specific facts about Jacqueline: She is Christian's daughter; Compl. ¶ 8; she

12   is Alexandra and Nadine's sister, *id.*; she was appointed director and secretary of Gaia on August 27,

13   2020, *id.* ¶ 6; and she signed the Stock Transfer Agreement transferring Multiflora's Caban shares to

14   Gaia "as secretary of Gaia" on August 30, 2020.  *Id.* ¶ 38.  Every other allegation against Jacqueline

15   impermissibly groups her in with other defendants, *see, e.g., Id.* ¶ 53 ("Defendants aided and abetted and

16   assisted …"); conclusorily recites an element of a claim, *see, e.g., id.* ¶ 78 ("To effectuate this fraudulent

17   scheme, Jacqueline knowingly signed …"); is pleaded upon information and belief, *see, e.g. id.* ¶ 19

18   ("Upon information and belief, Nadine and Christian communicated … to Christian's other children,

19   Alexandra and Jacqueline …"); or combines these impermissible pleading tactics, *see, e.g., id.* ¶ 73

20   ("Upon information and belief, Defendants willingly conspired with and aided and abetted each other in

21   hindering delaying and defrauding Plaintiff.").

22   Such pleading does not suffice to state a single claim against Jacqueline.  *See, e.g., EcoHub, LLC*

23   *v. Recology Inc.*, No. 22-CV-09181-TSH, 2023 WL 6725632, at *6 (N.D. Cal. Oct. 11, 2023)

24   ("Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical

25   misconduct … are insufficient to show that plaintiff is entitled to relief from any *individual* defendant.")

26   (quotations omitted) (emphasis in original); *Menzel v. Scholastic, Inc.*, No. 17-CV-05499-EMC, 2018

27   WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018) ("[W]hile facts may be alleged upon information and

28   belief, that does not mean that conclusory allegations are permitted.  A conclusory allegation based on

<center>13</center>

information and belief remains insufficient under *Iqbal*/*Twombly*.").  The deficiency of this pleading is amplified where, as here, Multiflora "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," *EcoHub, LLC*, 2023 WL 6725632, at *7, thus subjecting Multiflora's Complaint to the heightened pleading standards of Rule 9(b).

Moreover, each claim asserted against Jacqueline requires Multiflora to plead that Jacqueleine knew Christian lacked authority to transfer Multiflora's Caban shares to Gaia in September 2020.  But Multiflora in fact concedes the opposite, pleading that the issue of Christian's authority has been heavily litigated and was only recently adjudicated in May 2024.  Accordingly, all claims against Jacqueline must be dismissed.

### 1.   The Aiding and Abetting Breach of Fiduciary Duty Claim Fails because Multiflora Does Not Plead Jacqueline's Knowledge of Any Breached Duty.

In addition to the claims being time barred, Multiflora pleads no facts supporting a claim against Jacqueline for aiding and abetting breach of fiduciary duty.  "Under California law, the elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff." *EcoHub, LLC*, 2023 WL 6725632, at *9(cleaned up) (quotation omitted).  "[L]iability for abetting depends on proof the defendant had *actual knowledge of the specific primary wrong* the defendant substantially assisted." *Am. Master Lease LLC*, 225 Cal. App. 4th at 1475 (quotation omitted) (emphasis added).

The aiding and abetting claim rests on Christian and Alexandra's alleged breaches of their fiduciary duties to Multiflora by allegedly scheming to transfer Multiflora's Caban shares to Gaia without authorization from Multiflora.  *See* Compl. ¶¶ 45-47 (alleging fiduciary duties).  But Multiflora pleads no facts showing that Jacqueline had *actual knowledge* that the share transfer constituted breaches of either Christian or Alexandra's fiduciary duties.  Multiflora simply alleges "upon information and belief" that Jacqueline "knew" Christian had no authority to "act on behalf of Multiflora" when the Share Transfer Agreement was executed.  *Id.* ¶ 51.  Such allegations do not meet the heightened specificity requirements for averments of fraud.

14

More importantly, the complaint concedes that Jacqueline *could not have known* that Chrisitan lacked authority to act on behalf of Multiflora at the time she signed the Share Transfer Agreement.  As the Complaint and the 1782 proceedings make clear, ownership and control of Multiflora have been the subject of a protracted series of litigation proceedings in Guatemala, the British Virgin Islands, and the United States.  Compl. ¶¶ 23, 27, 34.  Further, as Exhibit F to the Complaint makes clear, it was not until *May 2024* that a court resolved that dispute to hold (in a default judgment) that Christian had lacked authority to act on behalf of Multiflora four years before, in 2020.  The Complaint thus shows that Jacqueline could not have known in 2020 that Christian lacked authority to act on behalf of Multiflora, undermining any inference that Jacqueline had "actual knowledge" of wrongdoing by Christian or Alexandra.  *Am. Master Lease LLC*, 225 Cal. App. 4th at 1475.  The claim for aiding and abetting breach of fiduciary duty must be dismissed.

### 2.   The Conversion Claim Fails because Multiflora Does Not Plead Jacqueline's Knowledge of Wrongdoing

In addition to being time barred, Multiflora fails to plead conversion against Jacqueline for the same reason if fails to plead aiding and abetting a breach of fiduciary duty: Multiflora does not, and cannot, plead Jacqueline's knowledge of wrongdoing.  "Under California law, the elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  *Pratt v. Higgins*, No. 22-CV-04228-HSG, 2023 WL 4564551, at *8 (N.D. Cal. July 17, 2023) (cleaned up and quotations omitted).  An essential component of the claims is "the defendant's conversion by a *wrongful* act or disposition of property rights."  *Pratt*, 2023 WL 4564551, at *8 (cleaned up and quotations omitted) (emphasis added).  Thus, "it is incumbent upon the plaintiff to show *an intention or purpose* to convert the goods and to exercise ownership over them, or to prevent the owner from taking possession of the property."  *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208, 222 (2003) (emphasis added).

Multiflora offers only threadbare recitals of conversion's elements, grouping Jacqueline with the other defendants, *see, e.g.*, Compl. ¶ 58 ("Defendants have intentionally and substantially interfered with Plaintiff Multiflora's property …"); *id.* ¶ 60 ("Defendants knew that their conduct … would provide substantial assistance to accomplish the tortious result to deprive Plaintiff of its shares in Caban"), while

15

conceding that the basis for Jacqueline's purported "knowledge of wrongdoing" was unknown and unknowable until May 2024 when the British Virgin Islands Court issued an order in favor of Multiflora and against Christian. *Id.* ¶ 43. The Complaint fails to state a claim for conversion against Jacqueline and the claim must be dismissed.

### 3. The "Fraudulent Transfer" Claim Fails because Multiflora Does Not Plead Jacqueline's Knowledge of Wrongdoing

Jacqueline joins Section IV(A)(3)(c) of Caban's Motion to Dismiss, explaining that the "fraudulent transfer" claim as pleaded is in fact a claim for conversion by fraud or deceit.

In addition to being time barred, it fails for the same reason the conversion claim fails: Multiflora offers only conclusory recitations of Jacqueline's knowledge of wrongdoing, Compl. ¶¶ 58, 60; *see also id.* ¶ 69 (alleging only that "Defendants" agreed to help "Christian Rasch to abscond with shares . . . with the intention of achieving that tortious result."), while conceding that Jacqueline could not have known that Christian lacked authority to transfer the Caban shares until May 2024 when a court adjudicated as much. *Id.* ¶ 43. But the claim also fails because any action for fraud necessarily requires the defendant to make some form of misrepresentation (which includes concealment or nondisclosure of a fact) on which the plaintiff justifiably relies, and on which the defendant intends for the plaintiff to rely. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Multiflora pleads nothing of the sort related to Jacqueline. The complaint is bereft of allegations of any specific, intentional misrepresentation made *by Jacqueline* to Multiflora, or information hidden *by Jacqueline* from Multiflora. The allegations are facially insufficient to state a claim under Rules 12(b)(6) and 9(b) and the "fraudulent transfer" claim must be dismissed.

### 4. The Tortious Interference Claim Fails because Multiflora Does Not Plead that Jacqueline Engaged in an Independently Wrongful Act

As discussed above, the tortious interference claim is time barred. But even if it were timely, the claim fails because Multiflora fails to plead that Jacqueline committed an "independently wrongful act." A claim for tortious interference with contract requires "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's *intentional acts designed to induce a breach or disruption* of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Ixchel Pharma, LLC v. Biogen,*

16

*Inc.*, 9 Cal. 5th 1130, 1141 (2020) (quotation omitted) (emphasis added).  When the contract is at-will, "the plaintiff must allege that the defendant engaged in an independently wrongful act."  *Id.* at 1148.  A claim for tortious interference with prospective economic advantage also requires pleading an "independently wrongful act."  *Id.* at 1142.  "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Id.* (quotation omitted).

Here, Multiflora alleges interference with its "existing business relationship with defendant Caban Systems as the owner and holder of 855,511 shares," Compl. ¶ 95, and with its "right to profit from its ownership of shares," *id*. ¶ 96.  The contract at issue is apparently Multiflora's shareholder agreement with Caban.  Because the shareholders agreement is at-will—nowhere does Multiflora allege that it could not have cancelled the contract at any time with proper authorization from its shareholders—Multiflora was required to allege that Jacqueline committed an independently wrongful act.  *See Ixchel Pharma*, 9 Cal. 5th at 1147 ("An at-will contract may be terminated, by its terms, at the prerogative of a single party …").

As discussed above, the purportedly "wrongful acts" committed by Jacqueline are aiding and abetting breach of fiduciary duty, "Fraudulent transfer," and conversion.  Because Multiflora fails to adequately plead these claims against Jacqueline, it necessarily fails to plead the tortious interference claim.  The claim must be dismissed.

### 5.   The Conspiracy Claim Fails because Multiflora Inadequately Pleads Knowledge of Wrongdoing or the Existence of an Agreement

Jacqueline joins Section IV(C)(5) of Caban's Motion to Dismiss.  The Complaint contains allegations negating the requisite knowledge of wrongdoing required to form the alleged conspiracy, and contains only conclusory, vague allegations suggesting Jacqueline or any other defendant agreed to join a conspiracy.  The conspiracy claim must be dismissed.

### 6.   Multiflora Does Not Plead Claims for Constructive Trust and Declaratory Relief

Jacqueline joins Section IV(C)(5) of Caban's Motion to Dismiss.  These claims fail and must be dismissed because they are derivative of the substantive claims asserted against Jacqueline, none of which are adequately pleaded.

**C.**    **Leave To Amend Should Be Denied Because Amendment Would Be Futile**

Leave to amend should be denied because there is no set of facts Multiflora can plead that will revive its seven claims against Jacqueline.  Multiflora unequivocally pleads that it knew in February 2021 that Christian had—without authorization from Multiflora's other shareholders—transferred Multiflora's Caban shares to Gaia with no evidence that Gaia had paid Multiflora for the share transfer.  Compl. ¶¶ 29, 30.  The documents Multiflora received in July 2021 simply "confirmed" Multiflora's suspicions.  *Id.*  ¶ 41.  Multiflora cannot retract these allegations in an amended complaint.  This bars all Multiflora's causes of actions and any remedies based thereon.

Likewise, Multiflora concedes Jacquline could not have possessed the requisite knowledge of wrongdoing required for each of Multiflora's substantive claims because it expressly pleads that Christian's authority to transfer the Caban shares to Gaia was vigorously litigated and only finally adjudicated in May 2024.  Compl. ¶¶ 23, 27, 34, Ex. F.  Multiflora also cannot retract these allegations in an amended complaint.  Amendment would thus be futile and leave to amend should be denied.  *See EcoHub, LLC*, 2023 WL 6725632, at *3.

**VI.**    **CONCLUSION**

For the foregoing reasons, defendant Jacqueline Rasch Castillo respectfully requests that the Complaint be dismissed with prejudice.

Dated: September 20, 2024        Respectfully Submitted,

THE NORTON LAW FIRM PC

By: */s/ Leah Judge*
      Leah Judge

Attorneys for Defendants
CABAN SYSTEMS, INC. and JACQUELINE
RASCH CASTILLO