MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel: 510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com
       rhoberg@moyalawfirm.com

Attorneys for Plaintiff
MULTIFLORA INTERNATIONAL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIFLORA INTERNATIONAL LTD., a British Virgin Islands company limited by shares,<br><br>Plaintiff,<br><br>v.<br><br>CABAN SYSTEMS, INC., a Delaware corporation; GAIA INVESTMENT HOLDINGS CORP., a Panamanian corporation; ALEXANDRA RASCH, an individual; JACQUELINE RASCH, an individual; NADINE RASCH, an individual; CHRISTIAN RASCH, an individual; and DOES 1–20, inclusive,<br><br>Defendants. | Case No. 4:24-cv-04455-YGR<br><br>**PLAINTIFF MULTIFLORA INTERNATIONAL LTD.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE *INSTANTER* PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FILED BY DEFENDANT JACQUELINE RASCH**<br><br>Complaint Filed: 07/23/2024<br>FAC Filed: 10/07/2024 |

ADMIN. MOT. FOR LEAVE TO FILE *INSTANTER* PL'S OPP. TO MOT. TO DISMISS FILED BY DEF. JACQUELINE RASCH

1

*Multiflora Int'l Ltd. v. Caban Systems et al.*
No. 4:24-cv-04455-YGR

Pursuant to Civil Local Rule 7-11, Plaintiff Multiflora International, Inc. submits this Administrative Motion For Leave to File *Instanter* Plaintiff's Opposition to Motion to Dismiss Filed By Defendant Jacqueline Rasch. Good cause exists for this request due to extenuating circumstances set forth below and in counsel's accompanying declaration that caused counsel to lose power for an extended period of time on the evening of Nov. 4, 2024. Counsel for Defendant Rasch was advised of the situation by email shortly after midnight on Nov. 5, 2024, and agreed to accept an extra day to file her reply to the opposition. Hoberg Decl. ¶ 11.

### Background

On October 17, 2024, Defendant Caban Systems filed a motion to dismiss per Rule 12(b)(6) (Dkt. No. 33), and defendant Jacqueline Rasch Castillo filed a joinder in that motion and also filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) (Dkt. 34, 35). The parties stipulated to a briefing schedule that was entered by the Court (Dkt. 31, 32). Under the current briefing schedule, Plaintiff's oppositions to both of these dispositive motions were due November 4, 2024, with reply briefs due November 22, 2024. The hearing on the motions is set for December 10, 2024. Hoberg Decl. ¶ 4.

On Monday, November 4, 2024, counsel for Plaintiff returned home in the late afternoon/early evening to complete and finalize the opposition to Defendant Jacqueline Rasch's motion to dismiss (and joinder in Caban's motion to dismiss). *Id*. ¶ 6. As set forth in greater detail in the accompanying declaration of counsel, shortly after arriving home, counsel was subject to an power outage resulting from the emergency fire-prevention work being performed by PG&E on her street. *Id*. ¶ 8. The work being performed prevented counsel from relocating to an alternative location that had power. *Id*. Counsel does not have a backup generator at her home, nor any alternative source of electricity. *Id*. Although power was originally estimated to be restored by 9:00 p.m. that evening, a further notification issued later in the evening estimated that power would not be restored until November 5 at 5:00 a.m. *Id*. ¶ 9-10. The house was in total darkness and was without power and internet connectivity. *Id*. The fire-prevention work continued outside counsel's home until later than 1:30 a.m. on November 5, and PG&E's outage status website shows that power was finally restored at her home at 4:10 a.m. on the morning of

November 5. *Id*. ¶ 10. The power outage significantly impacted counsel's ability to complete and file the opposition to Defendant Rasch's motion to dismiss before the filing deadline of midnight on November 4, 2024. *Id*. ¶ 12. Counsel sent an email to Defendants' counsel shortly after midnight, advising them of the circumstances and informing them that the opposition would be filed on Nov. 5. In that correspondence, she indicated that, to avoid any prejudice, Plaintiff would offer an additional day for Ms. Rasch to reply to the forthcoming opposition. *Id*. ¶ 11 & Exh. A. Defendants' counsel responded that they would agree and accept the offer and stipulate to the additional day, making their reply brief due on November 25, 2024. *Id*. Plaintiff's opposition was filed on Nov. 5, 2024. *Id*. ¶ 15; Dkt. 45, 45-1.

While this was occurring, Mr. Moya, the other attorney representing Plaintiff in this action, was working on the opposition to Defendant Caban's System's motion to dismiss from a separate location that was not impacted by a power outage, and timely filed that opposition on November 4. (Dkt. 43, 44).

## Argument

Good cause exists to grant Plaintiff Motion for Leave to File Instanter Plaintiff's Opposition to the Motion to Dismiss Filed by Defendant Jacqueline Rasch. As explained above, the failure to file by midnight on Nov. 4 was due to extenuating emergency circumstances over which Plaintiff's counsel had no control. *Id*. ¶ 12. Counsel worked diligently to complete and file the opposition as soon as possible the following day, but was further delayed by other, pre-scheduled professional obligations, including a responsive pleading due on Nov. 5 in another case, an imminent mediation, and the need to vote in today's federal and state election. *Id*. ¶ 13.

Counsel for Defendant Rasch will not be prejudiced by the delayed filing, as Plaintiff offered to provide an additional day for the corresponding reply. Conversely, Plaintiff will be severely harmed and prejudiced if the Court does not allow the filing of Plaintiff's opposition to Defendant's dispositive motion, which includes evidence submitted in opposition to the motion gathered by a private investigator. There was also a need to substantively respond to a joinder that was also filed by Ms. Rasch and referenced in her motion. The joinder attempted to

incorporate by reference a considerable volume of briefing made in a separately-filed motion to dismiss by defendant Caban Systems.

Plaintiff does not believe that this modification would adversely impact the Court's schedule, as allowing the additional day on reply does not unduly compact the briefing schedule, given that the hearing on these motions is set for December 10, 2024.

This Motion is supported by the declaration of Rebecca M. Hoberg, which is filed concurrently. This motion is made in good faith and not for any improper purpose. *Id*. ¶ 14. Plaintiff believes the above circumstances present good cause justifying the requested relief, and counsel respectfully requests that the Court grant this motion for leave to file the document *instanter* despite the one-day late filing. A copy of Plaintiff's Opposition to Motion to Dismiss Filed by Defendant Jacqueline Rasch is attached as Exhibit B to the accompanying declaration of counsel, along with a supporting declaration in opposition to the motion to dismiss. *Id*. ¶ 15, 16 & Exhs. B, C.

### Conclusion

For these reasons, Plaintiff Multiflora International, Inc. respectfully requests that the Court grant Plaintiff's motion and enter an order as follows:

1. Granting Plaintiff leave to file Plaintiff's Opposition to Defendant Jacqueline Rasch's Motion to Dismiss *instanter*;

2. Extending the deadline for Defendant Jacqueline Rasch to file her reply to the opposition to and including **November 25, 2024.**

Respectfully submitted,

Dated: Nov. 5, 2024                MOYA LAW FIRM

*/s/ Rebecca M. Hoberg*

———————————————
Mario A. Moya
Rebecca M. Hoberg

Attorneys for Plaintiff

ADMIN. MOT. FOR LEAVE TO FILE *INSTANTER* PL'S OPP. TO MOT. TO DISMISS FILED BY DEF. JACQUELINE RASCH

4     *Multiflora Int'l Ltd. v. Caban Systems et al.*
       No. 4:24-cv-04455-YGR