MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel:  510.926.6521
Fax: 510.340.9055
Email:  mmoya@moyalawfirm.com
        rhoberg@moyalawfirm.com

Attorneys for Plaintiff
MULTIFLORA INTERNATIONAL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIFLORA INTERNATIONAL LTD., A British Virgin Islands Company limited by shares,<br><br>Plaintiff,<br><br>vs.<br><br>CABAN SYSTEMS, INC., a Delaware corporation; GAIA INVESTMENT HOLDINGS CORP., a Panamanian corporation; ALEXANDRA RASCH, an individual; JACQUELINE RASCH, an individual; NADINE RASCH, an individual; CHRISTIAN RASCH, an individual; and DOES 1–20, inclusive,<br><br>Defendants. | Case No. 4:24-cv-04455-YGR<br><br>**PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND ALTERNATIVE MOTION FOR (1) COURT-DIRECTED ALTERNATIVE SERVICE OF PROCESS FOR FOREIGN DEFENDANTS AND/OR (2) ALTERNATIVE REQUEST FOR EXTENSION OF TIME TO SERVE FOREIGN DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Civil L.R. 7-2 and/or Civ. L.R. 7-10; Fed. R. Civ. P. 4(f)(3) & 4(h)(2)]<br><br>Complaint Filed: 07/23/2024<br>Summons Issued:  07/26/2024<br>FAC Filed: 10/07/2024 |

TO THIS HONORABLE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civ. L.R. 7-2 and/or Civ. L.R. 7-10, Plaintiff Multiflora International Ltd. ("Plaintiff" or "Multiflora") hereby moves ex parte for permission to serve the summons and Complaint on foreign defendants Christian Rasch, Nadine Rasch, and Gaia Investment Holdings Corp. (collectively the "Foreign Defendants"), all of whom are foreign residents, by alternative means as expressly authorized by Fed. R. Civ. P. 4(f)(3).  The matter is being presented before United States District Judge Yvonne Gonzalez Rogers in Courtroom 1, located at 1301 Clay Street, Oakland, California 94612.  Multiflora is available for a hearing if the Court would like to hear oral argument on this motion.

1. The Foreign Defendants are two foreign individuals and a foreign corporation who reside outside of this jurisdiction; accordingly, they must be served in accordance with Fed. R. Civ. P. 4(h).  One of these defendants — Christian Rasch — has a long history of evading service, and Plaintiff has been unable to serve him despite considerable efforts.  While he is a longtime resident of Guatemala, his precise whereabouts are currently unknown.

2. While there may be other methods of service than those sought herein, such methods are prolonged and will delay the swift administration of this case, and would be contrary to judicial economy.  For example, counsel has been advised that formal requests to foreign central authorities for service of process, such as under the Inter-American Service Convention, are very costly in comparison to the means of service requested herein (which would also require separate costs and fees for service in Guatemala and Panama) and may take up to six (6) months to process and be executed, similar to the length of time for Letters Rogatory.

3. As to foreign defendants, the Federal Rules of Civil Procedure are clear:  There is no requirement for a party to attempt service of process by any of the other methods enumerated in Rule 4(f)(1) or Rule 4(f)(2) before asking the Court for alternative relief under Rule 4(f)(3). *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). In fact, "[c]ourt-directed service under Rule 4(f)(3) *is as favored* as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id*. at 1015 (emphasis added).

4. Plaintiff therefore seeks an Order from this Court authorizing more efficient means of service of process as are applicable to each Foreign Defendant as outlined below.

5. None of the methods of court-directed alternative service sought herein are prohibited by international agreement or foreign law, to Plaintiff's knowledge, and therefore should be deemed acceptable means of service.

6. Plaintiff requests permission to effect service on Defendant Christian Rasch (i) by email to Christian's known email addresses at crasch@jacobifruits.com, crasch2015@gmail.com, and crasch@unitelsa.com; and (ii) by international courier (Federal Express) to Christian's confirmed residential address in Guatemala located at: Quinta Avenida 12-75, Zona 14, Edificio Quinta Bella, apartment 1201, Guatemala City, Guatemala.

7. Plaintiff requests permission to effect service on Defendant Nadine Rasch (i) by email to Nadine's known and publicly-advertised email address at nadine@primavera.coffee; and (ii) by international courier to Nadine's last-known residential address located at 3 Avenida 6-67, Zona 14, Colonia El Campo, Guatemala City, Guatemala 01014 and to her business correspondence address for her company, Third Wave Coffee Source Ltd. d/b/a Primavera Green Coffee, at Chancery, Station House, 31-33 High Holborn, London, WC1V 6AX.

8. Plaintiff requests permission to effect service on Defendant Gaia Investment Holdings Corp. by international courier (Federal Express) on the law firm of Melhado, Mendoza & Asociados, located at Calle 55 Este Obarrio Ph Torre SFC Piso 28 Ciudad de Panama, Panama, 0801 Panama, which is listed as the "Resident Agent" for Gaia Investment Holdings Corp. in the Panamanian Public Registry. Plaintiff does not have any other physical address for Gaia, although all three of Christian Rasch's daughters — Alexandra, Jacqueline and Nadine — are also named as defendants in this lawsuit in their personal capacities. Notably, the Panama Public Registry documents obtained by Plaintiff show that Alexandra Rasch and Jacqueline Rasch were appointed the President and Secretary, respectively, of Gaia in 2020, and both Alexandra and Jacqueline have previously been served and have appeared in this action. Thus, as a practical matter Gaia Investment Holdings Corp. is already well-aware of this action, and

this modest request for service of Gaia by alternative means is expressly permitted by Fed. R. Civ. P. 4(h)(2) and 4(f).

9. This motion is filed by Plaintiff in good faith and not for purposes of delay. No party to this action will be prejudiced should this Court grant the relief sought herein. To the contrary, the relief sought by this Motion will further the swift administration of this action.

This motion is based upon this Notice of Application/Motion and Application/Motion, the attached Memorandum of Points and Authorities, the Declarations of Mario A. Moya and Cindi Barrios Linares (and all exhibits attached thereto), the accompanying notice of foreign law per Fed. R. Civ. P. 44.1, the Court's files in this action, the arguments of counsel, and any other matter the Court may properly consider.

Dated: June 16, 2025

Respectfully submitted,

MOYA LAW FIRM

*/s/ Mario A. Moya*
_____
Mario A. Moya

Attorneys for Plaintiff
MULTIFLORA INTERNATIONAL LTD.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................ 7
II. BACKGROUND ........................................................................................................................ 9
    A. Procedural History ............................................................................................................ 9
    B. Information Pertinent to Service of Foreign Defendants ................................................ 10
        1. Defendant Christian Rasch ......................................................................................... 10
        2. Defendant Nadine Rasch ............................................................................................ 12
        3. Defendant Gaia Investment Holdings Corp ............................................................... 12
III. ARGUMENT ........................................................................................................................... 13
    A. The Court May Order Service of Process Abroad Via Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3) ............................................................................................................... 13
    B. Plaintiff's Proposed Methods of Service are Not Prohibited By International Agreement and are Consistent With the Interests of Justice ................................................................. 17
    C. If The Request Is Denied, The Court Should Grant Additional Time to Serve ................ 18
IV. CONCLUSION ........................................................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Brockmeyer v. May*
  383 F.3d 798 (9th Cir. 2004)……………………..………………………….….. 14

*Chung v. Chung Peng Chih-Mei*
  2022 U.S. Dist. LEXIS 223933 (N.D. Cal. Dec. 12, 2022)……………….……………..…..14

*Derrevere v. Mirabella Found.*,
  2011 U.S. Dist. LEXIS 54376 (M.D. Fla. Apr. 26, 2011) ..……….……..….……    13, 15, 16

*First Nat'l City Bank v. Compania De Aguaceros, S.A.*,
  398 F.2d 779, 780 (5th Cir. 1968) …………………….……….…….……..…………    9

*Fru Veg Mktg. v. Vegfruitworld Corp.*
  896 F. Supp. 2d 1175 (S.D.Fla. 2012) …….………….………….……………..….8, 14

 *Jenkins v. Pooke.*
  2009 U.S.Dist.LEXIS 18975 (N.D.Cal. Feb. 17, 2009)……………………..……….    14

*Mullane v. Central Hanover Bank & Trust Co.*
  339 U.S 306, 314 (1950) ……………………….….......…………….…...8, 16

*Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*
  353 F.3d 916, 921 (11th Cir. 2003) ……………………………....…………….…    16

*Rio Properties, Inc. v. Rio Int'l Interlink*
  284 F.3d 1007 (9th Cir. 2002) …………………………......…………….…    *passim*

**Statutes**

28 U.S.C. § 1782 …………………………………………………………………….    11

**Rules**

Fed. R. Civ. P. 4(f)…………………………..……………………………    7, 13, 14, 16

Fed. R. Civ. P. 4(f)(3)…………………………………………………….....    7, 13, 14, 16

Fed. R. Civ. P. 4(h)(2)….………………..…………………………………    7, 14

## I. INTRODUCTION

Plaintiff Multiflora brought this action to seek redress for the theft, concealment, and fraudulent transfer of 855,511 shares of Series A preferred stock it owned in defendant Caban Systems, a Burlingame renewable energy company. These shares were wrongfully taken from Multiflora by defendant Christian Rasch, a former corporate director of Multiflora, and his daughters, one of whom, Alexandra Rasch, is the CEO of Caban Systems. After being removed as a director of Multiflora in 2020, the former director, Christian Rasch, who served as a director of Multiflora for over 25 years, stole company books and records and took action to fraudulently transfer Multiflora's assets to other entities and persons under his control and/or influence. The shares owned by Multiflora that are at issue in this lawsuit were eventually transferred to a Panamanian company, Gaia Investment Holdings Corp. ("Gaia"), a company for which Caban's CEO, Alexandra Rasch, was also serving as the president, along with her two sisters, who were Gaia's secretary and treasurer. Defendant Jacqueline Rasch, Gaia's treasurer at the time, signed the stock transfer agreement on behalf of Gaia as the "transferee," and Christian Rasch, without authority, signed the agreement on behalf of Multiflora as the "holder." Multiflora brings this action to seek recovery and compensation for the property wrongfully taken from it, including the disgorgement of all ill-gotten gains from defendants' conspiracy and acts of misappropriation.

By this motion, Plaintiff respectfully seeks an order permitting alternative service of the summons and complaint on defendants Christian Rasch and Nadine Rasch (both residents of Guatemala) pursuant to Fed. R. Civ. P. 4(f)(3), and also upon Gaia Investment Holdings Corp. ("Gaia"), a Panamanian corporation, pursuant to Fed. R. Civ. P. 4(h)(2) and 4(f).  (For purposes of this motion, Christian Rasch, Nadine Rasch, and Gaia are collectively referred to as the "Foreign Defendants.")

International agreements and protocols for service of foreign defendants require additional time and expense that, in a multi-defendant case like this, are too costly and dilatory. The Federal Rules of Civil Procedure expressly contemplates and provides for alternative, efficient means to serve foreign defendants as long as such means do not violate local law.

Mindful of this, the federal courts, including the Ninth Circuit, has authorized the use of alternative methods of service of process upon foreign defendants via various means, including, permitting service via international mail or international courier (e.g., Federal Express), by facsimile, and/or by electronic mail.  These methods are not prohibited by international agreement or laws, and would serve to expedite the service of process of the Foreign Defendants, so that the case may proceed on the merits without sacrificing adequate notice or due process. *See, e.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (authorizing email service upon foreign defendant and noting that "method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182-83 (S.D.Fla. 2012) (authorizing service of foreign defendant through counsel by Federal Express).  Accordingly, Plaintiff seeks authorization to serve each of the Foreign Defendants in the following manner:

<u>Defendant Christian Rasch</u>: (i) by email to Christian's known email addresses at crasch@jacobifruits.com, crasch2015@gmail.com, and crasch@unitelsa.com; and (ii) by international courier or international mail via Federal Express to Christian's confirmed residence located at: Quinta Avenida 12-75, Zona 14, Edificio Quinta Bella, apartment 1201, Guatemala City, Guatemala.

<u>Defendant Nadine Rasch</u>: (i) by email to Nadine's known and publicly advertised email address at nadine@primavera.coffee; and (ii) by international courier or international mail via Federal Express to Nadine's last known residential address located at 3 Avenida 6-67, Zona 14, Colonia El Campo, Guatemala City, Guatemala 01014 and and to her registered address for business correspondence for her company, Third Wave Coffee Source Ltd. d/b/a Primavera Green Coffee, at Chancery, Station House, 31-33 High Holborn, London, WC1V 6AX.

<u>Defendant Gaia Investment Holdings Corp.</u>: by international courier (Federal Express) to the law firm of Melhado, Mendoza & Asociados, located at Calle 55 Este Obarrio Ph Torre SFC Piso 28 Ciudad de Panama, Panama, 0801 Panama, which is listed as the "Resident Agent" for

Gaia Investment Holdings Corp. in the Panamanian Public Registry. Plaintiff does not have any other physical address for Gaia. Documents recently obtained by undersigned counsel indicate that Jacqueline Rasch is a current director and current president of Gaia, with Alexandra having served as a past president of the company. Alexandra and Jacqueline have both served and appeared in this action, thus, as a practical matter Gaia Investment Holdings Corp. is already well-aware of this action. Nevertheless, Plaintiff seeks permission to serve Gaia via alternative means to ensure that there is no dispute that Gaia has been adequately served.

## II. BACKGROUND

### A. Procedural History

Plaintiff initiated this action on July 23, 2024, and the endorsed summons to be served on defendants was returned by the Clerk of Court on July 26, 2024. Dkt. Nos. 1, 8. Months later, a First Amended Complaint was filed on Oct. 7, 2024.

The FAC names six (6) defendants. Three of the defendants, Jacqueline Rasch, Alexandra Rasch, and Caban Systems, Inc., have already been served and have filed motions to dismiss. See Dkt. Nos. 16, 33, 35, 39, 55, 56. The remaining defendants — Christian Rasch, Nadine Rasch, and Gaia Investment Holdings Corp. — are foreign residents who are foreign individuals and entities who will need to be served outside of the United States.

Plaintiff has investigated the considerable costs and procedures of effectuating service on the Foreign Defendants through the Inter-American Convention in Guatemala and Panama, but none of those means of service will provide an efficient manner of service that is guaranteed to effectuate notice of the lawsuit without substantially delaying the case. Plaintiff has taken significant steps to investigate the whereabouts of the Foreign Defendants and has located the known addresses of Christian and Nadine in Guatemala and the address of Gaia's "resident agent" in Panama.[1] See Moya Decl. ¶¶ 6–10. Plaintiff has also located the email address of

---

[1] As this Court and other courts have recognized, under Panamanian law, all Panamanian companies must have a resident agent, which is typically a lawyer or law firm licensed to practice in Panama. *See, e.g., First Nat'l City Bank v. Compania De Aguaceros, S.A.*, 398 F.2d 779, 780 (5th Cir. 1968) (noting that "Panamanian law required the [entity] Depositor to maintain a resident agent in Panama.")

Christian and Nadine from their prior use during key transactions and/or other public sources, including the internet and other sources. See Moya Decl. ¶¶ 6–8 (email addresses of Christian & Nadine and physical addresses of Nadine and her company in Guatemala); Barrios Decl. ¶¶ 3–5 (physical address of Christian in Guatemala). In the case of Christian Rasch in particular — Multiflora's former director who is believed to frequently visit the United States to visit his daughters — Plaintiff has already expended significant resources attempting to locate Christian at various properties he is believed to own in South Florida and also in San Francisco, but it has been unable to serve him. Moya Decl. ¶ 9.

### B. Information Pertinent to Service of Foreign Defendants.

The following facts are pertinent to service of the Foreign Defendants:

#### 1. Defendant Christian Rasch

As noted in the pleadings, Defendant Christian Rasch is a key defendant and former director of Multiflora who is responsible for the theft of Multiflora's corporate assets, and his daughters are the other individual defendants named in this action. *See generally*, FAC. He is a resident of Guatemala City, Guatemala and maintains his home there. FAC 8; Barrios Decl 3. He is a former director of Plaintiff Multiflora, who remains a part-owner of the company.[2] FAC ¶ 8. He is the father to defendants Alexandra, Jacqueline and Nadine Rasch. *Id*. Upon information and belief, he is also believed to have a beneficial interest in defendant Gaia Investment Holdings Corp. *Id*.

Through Plaintiff Multiflora's own efforts and its prior knowledge of Christian's whereabouts due to his familial relationship with Multiflora's principals, Plaintiff also obtained the last known address of Christian Rasch in Guatemala City, Guatemala. Moya Decl. ¶ 7; Barrios Decl ¶ 2 . On three different occasions, Plaintiff has confirmed that this address is still used by Christian as his address in Guatemala (and is still serviced by a local employee of his),

---

[2] Plaintiff Multiflora International is a British Virgin Islands company that is owned in equal shares by three brothers, Allan Rasch, Olaf Rasch, and Christian Rasch. (For convenience, each of the Rasch brothers, as well as the other defendant-family members identified herein, are referred to herein by their first names.) See FAC ¶ 17.

but is believed by his doormen to be out of the country in the United States. Barrios Decl. ¶¶ 2–5.

Plaintiff has identified multiple addresses in the United States that were linked to Christian Rasch or his immediate family where it appeared he was likely to be staying, one in San Francisco, California and the others in South Florida. Moya Decl. ¶ 9. Investigators visited the San Francisco address on two occasions in 2024 to attempt service (including one stakeout), and on each occasion there was no response, nor any indication that Christian was currently staying at the address. Moya Decl. ¶ 9(a).

One address in Coral Gables was linked to Christian and his daughter Jacqueline (also a defendant in this action). Moya Decl. ¶ 9(b). Private investigators retained by Plaintiff conducted considerable surveillance at this address in August through November 2024, and again in May 2025, and made several unsuccessful attempts at service during this period. *Id*. Jacqueline Rasch was served at this address on August 8, 2024, after first attempting to evade service by disclaiming her identity to the investigator. *Id.*; Dkt. 39.

While it appears that Christian does reside in Guatemala City, Guatemala and maintains his principal residence there, it is unclear if he is currently in the United States. Given the uncertainty of his whereabouts, the most effective and efficient method of service would be service to known email-addresses, coupled with Federal Express delivery to his confirmed residential address in Guatemala City, Guatemala.

Christian Rasch is known to use the following three email addresses: crasch@jacobifruits.com, crasch2015@gmail.com, and crasch@unitelsa.com. These email addresses are well known to Multiflora's principals (who are Christian's brothers) and also to the other defendants in this action. *See* Moya Decl. ¶ 6 & Exh. B. According to documents produced by Caban in a prior proceeding, Christian previously hand-wrote his email address (crasch@jacobifruits.com) by hand on the stock transfer documents that he executed to effectuate the improper transfer of Multiflora's shares in Caban to Gaia. *See id.*; FAC Exh. C (attaching documents produced by Caban in prior 28 U.S.C. § 1782 proceeding). This is also the

same email address that his daughter Alexandra, Caban's CEO, used to correspond with her father in anticipation of the share transfer. *See id.*; FAC Exhs. E.

### 2. Defendant Nadine Rasch

Defendant Nadine Rasch is a resident of Guatemala City, Guatemala. FAC ¶ 6. She was appointed Director and Treasurer of defendant Gaia Investment Holdings on August 27, 2020. *Id*. Plaintiff is informed and believes that Ms. Rasch resides in Guatemala at the following address: 3 Avenida 6-67, Zona 14, Colonia El Campo, Guatemala City, Guatemala 01014. Moya Decl. ¶ 8.

Based on internet research, Ms. Rasch is the Founder and Director of an international coffee company, Third Wave Coffee Source Ltd. d/b/a Primavera Green Coffee, which is incorporated in the United Kingdom and has offices in several countries. Ms. Rasch's picture and business email address (nadine@primavera.coffee) is publicized and readily available on the company's website. *Id.* ¶ 8 & Exhs. C–E (URL: https://www.primavera.coffee/meet-the-team). Her business website — which includes a prominent photo of her and her business profile — advertises that the company was founded in the United Kingdom as Third Wave Coffee Source Ltd. *Id*. According to online public records available from the United Kingdom's government website, the company remains in operation and lists Ms. Rasch's official correspondence address as Chancery Station House, 31-33 High Holborn, London, WC1V 6AX. *Id*. ¶ 8 & Exh. D.

### 3. Defendant Gaia Investment Holdings Corp.

Defendant Gaia Investments Holding Corp. is a Panamanian corporation with an unknown principal place of business. *See* Dkt. 30, FAC ¶ 4. Plaintiff has not been able to obtain a physical address or email address for Gaia. However, as noted in an exhibit to the First Amended Complaint (see Dkt. 30, Exh. B), Plaintiff has identified the law firm that represents Gaia as its "resident agent" under Panamanian law, which is located at the law firm of Melhado, Mendoza & Asociados, located at Calle 55 Este Obarrio Ph Torre SFC Piso 28 Ciudad de Panama, Panama, 0801 Panama. See Dkt. 30-1, Exh B (Panamanian Registry documents). Also,

as alleged in the FAC and the documents attached thereto, on August 27, 2020, defendant Alexandra Rasch was appointed Director and President of Gaia Investment Holdings Corp., defendant Jacqueline Rasch was appointed Director and Secretary, and Nadine Rasch was appointed Director and Treasurer.  FAC ¶¶ 5, 6; Moya Decl. ¶¶ 10, 13 (Panama Public Registry).  Based on information recently obtained from the undersigned counsel's private investigators, it appears that Jacqueline Rasch currently serves as the company's president.  Moya Decl. ¶ 10.  Both Jacqueline and Alexandra have already been served in this action, Dkt. Nos. 39, 55, and Plaintiff's proposal below requests service via international courier/FedEx upon Gaia's resident agent and counsel for Jacqueline Rasch.

## III.     ARGUMENT

### A. The Court May Order Service of Process Abroad Via Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3).

"[U]nless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).  Therefore, as long as the method of service sought by a party seeking such an order is not prohibited by international agreement, then the court may direct service of process in an alternative manner that provides adequate notice and due process. *Rio Properties*, 284 F.3d at 1014.  Even when, as here, the foreign jurisdictions at issue are parties to the Inter-American Convention of Letters Rogatory (like, e.g., Guatemala and Panama), "the Inter-American Convention's provisions regarding service of process are neither mandatory nor exclusive." *Derrevere v. Mirabella Found*., 2011 U.S. Dist. LEXIS 54376, at *4 (M.D. Fla. Apr. 26, 2011).

"[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief,'" and "[i]t is merely one means among several which enables service of process on an international defendant." *Id*. at 1015.  Alternate service of process under Rule 4(f)(3) is available without first attempting service by other means, and it may be especially appropriate in cases involving defendants who are evading detection and service. *See id*. at 1015-16 (authorizing service under

Fed. R. Civ. P. 4(f)(3) after litigant's multiple unsuccessful attempts to locate "an elusive international defendant, striving to evade service of process"). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citing *Rio Properties*, 284 F.3d at 1016). "The Court has sound discretion for determin[ing] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)", and "the rule should be liberally construed so long as a party receives sufficient notice of the complaint." *Chung v. Chung Peng Chih-Mei*, No. 22-cv-01983-BLF, 2022 U.S. Dist. LEXIS 223933, at *4-5 (N.D. Cal. Dec. 12, 2022).

Under Rule 4(f)(3), "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided that there is no international agreement directly to the contrary. *Rio Properties, Inc*., 284 F.3d at 1016. In *Rio Properties*, the Ninth Circuit affirmed a district court's decision to allow a defendant to be served by alternative means via a combination of notice sent by email and also international courier, which the court found to be constitutionally acceptable. *Id*. at 1016-17. In that case the court noted that the "Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Id*. at 1017; *see also, Jenkins v. Pooke*, 2009 U.S. Dist. LEXIS 18975, at *6 (N.D. Cal. Feb. 17, 2009) (directing service to be effectuated via electronic mail, international mail, and international courier to "serve the purposes of ensuring that Pooke receive adequate notice of this action and an opportunity to be heard"). Other courts have also held "in order to prevent delays in litigation, service upon foreign defendants through counsel is appropriate. *Fru Veg Mktg. v. Vegfruitworld Corp*., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012). With respect to "foreign corporations," Rule 4(h)(2) generally permits service "in any manner prescribed by Rule 4(f)" except for personal service or means prohibited by federal law. *See* Fed. R. Civ. P. 4(h)(2).

Here, Plaintiff is seeking permission to serve Guatemalan residents Christian Rasch and Nadine Rasch with process (including a Spanish translation of the documents to be served) by both international courier (Federal Express) at their physical addresses in Guatemala, as well as by email to their known email addresses. See Moya Decl. ¶¶ 5-9. Plaintiff has reason to believe that these email addresses are monitored. In the case of Christian, at least one of these email addresses appears in communications relating to the stock transfer at issue in this litigation, and that same email address was provided by Christian himself on the stock transfer agreement. Moya Decl. ¶ 6, Exh. B. With regard to Nadine's email address, this address is publicly advertised on the website for the UK-incorporated coffee company Nadine founded. She is currently a director of that company, and potential bulk purchasers in the market for coffee are invited to send order inquiries to this same email address. Presumably an email address that Nadine holds out for order inquiries on her company's website is certainly being monitored. *Id*. ¶ 8, Exhs. C–E.

To maximize the probability that he and the other Foreign Defendants receive adequate notice of this action and an opportunity to be heard, Plaintiff also requests permission to concurrently serve the Foreign Defendants with the summons, complaint and other process via international delivery via Federal Express to their last-known addresses in Guatemala. In Christian's case, for instance, Plaintiff has confirmed that Christian maintains his home in Guatemala and has an employee servicing it. *See* Barrios Decl. ¶¶ 3-5. Also, in the case of Nadine, Plaintiff also asks to serve her registered business address in the United Kingdom for her coffee company via the same means. Moya Decl. ¶ 8, Exh. F. This manner of service, especially when combined with concurrent service by email, will provide more than sufficient notice of the lawsuit to establish jurisdiction over Christian and Nadine in this action.

As for defendant Gaia Investments Holding Corp., the company is a Panamanian corporation with an unknown principal place of business. Plaintiff has been unable to obtain a physical address or email address for Gaia. However, Plaintiff has identified the law firm that represents Gaia as its "resident agent" under Panamanian law, which is located at the law firm of Melhado, Mendoza & Asociados, located at Calle 55 Este Obarrio Ph Torre SFC Piso 28 Ciudad

de Panama, Panama, 0801 Panama. See Moya Decl. ¶ 10; FAC Exh. B. Service by international courier to the physical address of that law firm, as the company's resident agent in Panama, will ensure actual notice to the company. *See Derrevere*, 2011 U.S. Dist. LEXIS 54376 at *4. Alternative service in this manner is particularly appropriate here, because, as alleged in the FAC, Gaia was controlled by defendants Alexandra, Jacqueline, and Nadine Rasch as its president, secretary and treasurer at the time that Multiflora's assets were misappropriated and transferred to Gaia. Both Alexandra Rasch and Jacqueline Rasch were served and have appeared in this action. As a practical matter, therefore, Gaia is aware of the current action (especially by virtue of prior service of process on Jacqueline, the company's current president, who has also been sued in this lawsuit). *Id*.

As noted in the accompanying notice of foreign law, Article 593 of the Panamanian Judicial Code states that unless otherwise designated in the Public Registry, legal entities shall be represented in judicial proceedings by the president; in their absence, by the vice president or the secretary; and in their absence, by the treasurer; or the person acting in their place, if they hold another title, and any plaintiff seeking to sue a legal entity must submit a document from the Registry showing such representation. *See* Notice of Foreign Law; Moya Decl. ¶ 12, Exhs. G. Based on information recently obtained from the undersigned counsel's private investigators, the articles of incorporation for Gaia state that the company's resident agent in Panama is the law firm of Melhado, Mendoza & Asociados, located at Calle 55 Este Obarrio Ph Torre SFC Piso 28 Ciudad de Panama, Panama, 0801 Panama. *Id*. ¶¶ 13-14, Exhs. H (public registry information filed as of Dec. 28, 2021 showing law firm as resident agent and Jacqueline Rasch as new president) & I (original articles of constitution of Gaia dated July 31, 2020). Most importantly, however, the articles of constitution expressly state that the President of the company is its legal representative.[3] Moya Decl. ¶ 14.

---

[3] Article 8 of Gaia's Certificate of Constitution, which states that the President of the company is its legal representative, and, in the president's absence, the next legal representative in succession is the Secretary, followed by the Treasurer. See Moya Decl. 14, Exh. I, 8th Art. ("Octavo") ("El Presidente de la sociedad es el Representante Legal de la misma. En ausencia del Presidente, el Representante Legal será el Secretario y en ausencia de este último lo será el Tesorero.") (translation confirmed by Google Translate, *see* Exh. J.).

Therefore, even if Gaia were to dispute the law firm's ability to accept service on Gaia's behalf, Panamanian law is abundantly clear that Gaia's failure to name any other person as a legal representative for purposes of service of process in its articles of incorporation would imply that Gaia's current president, Jacqueline Rasch, would be required to accept service on behalf of Gaia. Because Jacqueline (Gaia's current president) and Alexandra (Gaia's former president) have already appeared in this case by common counsel, the Court should also authorize service of Gaia via their counsel in this action or otherwise deem that prior service of Jacqueline was sufficient to serve Gaia, thereby triggering its duty to respond.

In sum, for all the reasons explained above, the alternative means of service requested herein are the most cost-effective and efficient options available for providing notice of the lawsuit to the Foreign Defendants and, especially when combined with other requested means (i.e., email plus international delivery via FedEx), would ensure that the Foreign Defendants have received adequate notice of this lawsuit on a far faster timeline. See Moya Decl. ¶¶ 4–5.

### B. Plaintiff's Proposed Methods of Service are Not Prohibited By International Agreement and are Consistent With the Interests of Justice.

The Court has "broad discretion" to direct alternative means of service under Rule 4(f)(3) when (a) consistent with due process and (b) not prohibited by international agreement. *Rio Properties, Inc.,* 284 F.3d at 1015; *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003). The proposed methods of service stated herein satisfy these requirements, as such methods are "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In addition, Guatemala and the Republic of Panama are not signatories to the Hague Convention, but they do subscribe to the Inter-American Service Convention and Additional Protocol. *See* Moya Decl. Exh. A (IACAP Guidance). Service via international mail or international courier are not prohibited under the Inter-American Service Convention and Additional Protocol, and so should be acceptable means of service here. *See Derrevere*, 2011 U.S. Dist. LEXIS 54376 at *4.

### C. If The Request Is Denied, The Court Should Grant Additional Time to Serve.

In the event that the Court denies this request as to any of the Foreign Defendants, Plaintiff respectfully requests additional time to serve the Foreign Defendants by formal process. Federal Rule of Civil Procedure 4(m) provides that service must be made upon a defendant within 90 days of filing of the complaint unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m). When such good cause is shown, "the court must extend the time for service for an appropriate period." *Id*. This deadline does not, however, apply to service in a foreign country, whether upon an individual or an entity. *See id*.

In light of the estimated service timelines for service under the Inter-American Service Convention and Additional Protocol (see Moya Decl. ¶ 4), and Plaintiff's reasonable desire to seek permission for alternate service before proceeding with the costly service options under the IACAP, good cause exists for an extension of time of an additional 180 days for formal service of the Foreign Defendants (but without prejudice to its ability to request additional time for good cause shown).

### IV.   CONCLUSION

The Court should grant Plaintiff's motion.

Dated: June 16, 2025

Respectfully submitted,

MOYA LAW FIRM

*/s/ Mario A. Moya*

Mario A. Moya
Rebecca M. Hoberg

Attorneys for Plaintiff
MULTIFLORA INTERNATIONAL LTD.