MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel: 510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com
　　　　rhoberg@moyalawfirm.com

Attorneys for Plaintiff
MULTIFLORA INTERNATIONAL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIFLORA INTERNATIONAL LTD., a British Virgin Islands company limited by shares,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CABAN SYSTEMS, INC., a Delaware corporation; GAIA INVESTMENT HOLDINGS CORP., a Panamanian corporation; ALEXANDRA RASCH, an individual; JACQUELINE RASCH, an individual; NADINE RASCH, an individual; CHRISTIAN RASCH, an individual; and DOES 1–20, inclusive,<br><br>　　　　Defendants. | Case No. 4:24-cv-04455-YGR<br><br>**DECLARATION OF CINDI ANABÍ BARRIOS LINARES**<br><br>Complaint Filed: 07/23/2024<br>Summons Issued: 07/26/2024<br>FAC Filed: 10/07/2024 |

DECLARATION OF. C. BARRIOS LINARES
1

I, Cindi Anabí Barrios Linares, hereby declare as follows:

1. I make this declaration on my personal knowledge, except as to the matters stated herein on my information and belief, and as to those matters, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters contained herein.

2. I am over 18 years of age and am not a party to this action. I am a licensed attorney and notary in the Republic of Guatemala, and my professional services were required by the Principals for Multiflora to determine if Christian Rasch was at his last-known address in Guatemala, which is located at Quinta Avenida 12-75, Zona 14, Edificio Quinta Bella, apartment 1201, Guatemala City, Guatemala, in order to subsequently take steps to notify him of certain documents.

3. On May 7, 2025, at approximately 11:09 a.m., I attempted to personally go to Christian Rasch last-known address in Guatemala. When I arrived, I spoke to the building's concierge, a man identifying himself as Marvin Sandoval, and asked if Mr. Christian Rasch was in his apartment. Mr. Sandoval informed me that he was not there and only an employee was in the apartment and that he believed the apartment's owner lived in the United States. I then asked whether Christian Rasch was present at the building, and Mr. Sandoval said that Mr. Rasch was in the United States. He offered to call Mr. Rasch, which he did. After Mr. Sandoval appeared to briefly speak with Mr. Rasch by telephone in my presence, Mr. Sandoval reported that Mr. Rasch stated that he could not receive any documents. Mr. Sandoval also told me that he was not authorized to receive documents on Mr. Rasch's behalf.

4. On May 8, 2025, at approximately 8:05 a.m., I again went at the same address to see if Mr. Rasch had returned. I contacted the building concierge via intercom; he identified himself as Pedro. He told me that Mr. Rasch was abroad in the United States and that no one at the building was authorized to accept any documents for him.

5. Later that same day, on May 8, 2025, at approximately 2:45 p.m., I attempted a third time at the same address to confirm with a different building concierge whether Mr. Rasch was present. I again spoke with the concierge via intercom, who identified himself as Marvin. He reiterated that no one was available at the apartment to receive documents, and that Mr.

Rasch was out of the country. He confirmed once again that he was not authorized to accept documents on Mr. Rasch's behalf.

6. Before signing this declaration, I was provided with a certified Spanish-language translation of this document, a true and correct copy of which is attached hereto as **Exhibit A**.

7. This request is brought in good faith and for no improper purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of June 2025 at Guatemala City, Guatemala

_____
Cindi Anabí Barrios Linares

# ANEXO A

## (Traducción al español)

Yo, Cindi Anabí Barrios Linares, declaro lo siguiente:

1. Hago esta declaración por mi conocimiento personal, excepto en lo que se refiere a los asuntos aquí expuestos por mi información y creencia, y en cuanto a esos asuntos, estoy informada y creo que son ciertos. Si se me llamara como testigo, podría testificar y testificaría competentemente sobre los asuntos aquí incluidos.

2. Soy mayor de 18 años y no soy parte en esta acción. Soy abogada y notaria colegiada en la República de Guatemala, y mis servicios profesionales fueron requeridos por los Directores de Multiflora para determinar si Christian Rasch se encontraba en su última dirección conocida en Guatemala, la cual se encuentra en Quinta Avenida 12-75, Zona 14, Edificio Quinta Bella, apartamento 1201, Ciudad de Guatemala, Guatemala, para poder posteriormente realizar los pasos para notificarle de algunos documentos.

3. El 7 de mayo de 2025, aproximadamente a las 11:09 a. m., intenté ir personalmente a la última dirección conocida en Guatemala de Christian Rasch. Cuando llegué, hablé con el conserje del edificio, un hombre que se identificó como Marvin Sandoval, y le pregunté si el Sr. Christian Rasch estaba en su apartamento. El Sr. Sandoval me informó que él no estaba ahí y que en el apartamento solo se encontraba una empleada y que creía que el propietario del apartamento vivía en Estados Unidos. Pregunté entonces si Christian Rasch estaba presente en el edificio y el Sr. Sandoval dijo que el Sr. Rasch estaba en Estados Unidos. Él se ofreció a llamar al Sr. Rasch, cosa que hizo. Después de que, al parecer, el Sr. Sandoval hablara brevemente con el Sr. Rasch por teléfono en mi presencia, el Sr. Sandoval me informó de que el Sr. Rasch declaró que no podía recibir ningún documento. El Sr. Sandoval también me dijo que no estaba autorizado a recibir documentos en nombre del Sr. Rasch.

4. El 8 de mayo de 2025, aproximadamente a las 8:05 a. m., volví a la misma dirección para ver si el Sr. Rasch había regresado. Me puse en contacto con el conserje del edificio a través del sistema de intercomunicación; se identificó como Pedro. Me dijo que el Sr.

EXHIBIT A

Rasch se encontraba fuera del país en Estados Unidos, y que nadie en el edificio estaba autorizado a aceptar documentos en su nombre.

5.  Más tarde ese mismo día, el 8 de mayo de 2025, aproximadamente a las 2:45 p.m., intenté por tercera vez confirmar, en la misma dirección, con otro conserje del edificio si el Sr. Rasch estaba presente. Volví a hablar con el conserje a través del sistema de intercomunicación, que se identificó como Marvin. Reiteró que no había nadie disponible en el apartamento para recibir los documentos y que el Sr. Rasch estaba fuera del país. Confirmó una vez más que no estaba autorizado a aceptar documentos en nombre del Sr. Rasch.

6.  Antes de firmar esta declaración, se me proporcionó una traducción certificada al español de este documento, una copia fiel y correcta, la cual se adjunta a la presente como **Anexo A**.

7.  Esta solicitud se presenta de buena fe y sin ningún propósito impropio.

Declaro bajo pena de perjurio conforme a las leyes de los Estados Unidos de América que lo anterior es cierto y correcto.

Otorgado este día 9 de junio de 2025 en la Ciudad de Guatemala, Guatemala

_____
Cindi Anabí Barrios Linares

EXHIBIT A



## Alison Trujillo Translations

*Comprehensive and detail-oriented Spanish/English translation*  +1-415-613-7886
American Translators Assoc. Member #268538  trujilloalison@gmail.com
Spanish Assoc. of Translators, Editors and Interpreters Member #4223  lifetranslated.net

## CERTIFICATE OF TRANSLATION (AFFIDAVIT)

### *CERTIFICADO DE TRADUCCIÓN (DECLARACIÓN JURADA)*

I, Alison Trujillo, declare under penalty of perjury pursuant to 28 U.S. Code § 1746 that I am fluent in the English and Spanish languages and that the document listed below is a complete and correct translation from English to Spanish related to the legal case "Multiflora International Ltd. v. Caban Systems, Inc., et al, No. 4:24-cv-4455-YGR."

*Yo, Alison Trujillo, declaro bajo pena de perjurio de conformidad con el Código 28 de EE. UU. § 1746 que domino los idiomas inglés y español y que el documento enumerado a continuación es una traducción completa y correcta del inglés al español relacionado con el caso jurídico titulado «Multiflora International Ltd. contra Caban Systems, Inc., et al, no. 4:24-cv-4455-YGR».*

• *Anexo A: Declaración de Cindi Anabí Barrios Linares* (Exhibit A: Statement from Cindi Anabí Barrios Linares)

Signature – *Firma*:  Date – *Fecha*:
  June 9, 2025 – *9 de junio de 2025*

**Alison Trujillo**
Spanish/English Translator – *Traductora español/inglés*