**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MULTIFLORA INTERNATIONAL LTD.,** | **Case No.: 24-CV-04455 YGR** |
| **Plaintiff,** | **ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| **vs.** | |
| **CABAN SYSTEMS, INC. ET AL.,** | |
| **Defendants.** | |

On August 12, 2025, the Court issued an order dismissing defendant Jacqueline Rasch from this case and granting in part and denying in part defendants' Caban Systems and Alexandra Rash's motions to dismiss. (Dkt. No. 65.) The Court denied the motions to dismiss as to the claims for conversion, civil conspiracy, fraudulent transfer, and declaratory relief. The Court granted the motions as to the claims for breach of fiduciary duty (as to defendant Alexandra Rasch) and replevin with leave to amend.

Plaintiff filed an amended complaint on September 2, 2025, which re-pleads the fiduciary duty and replevin claims. (Dkt. No. 67, Second Amended Complaint ("SAC").) Defendants Caban Systems and Alexandra Rasch then filed a motion to dismiss the fiduciary duty and replevin claims on the grounds that plaintiff failed to sufficiently address the issues this Court identified in its August 12 Order.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss **WITHOUT LEAVE TO AMEND**.[1]

*First,* in the August 12 Order, the Court explained that to state a claim for breach of fiduciary duty against defendant Alexandra Rasch under Delaware law, "plaintiff must allege facts showing that a self-interested transaction occurred, and the transaction was unfair to the plaintiff." (Dkt. No. 65 (internal citations omitted).) Specifically, the Court found plaintiff did not plausibly plead that Alexandra engaged in a self-interested transaction that breached her fiduciary duties, because plaintiff did not plead, or otherwise explain, how Alexandra could have been on both sides of the transaction.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.

United States District Court
Northern District of California

Plaintiff's second amended complaint included few additional allegations. Relevant here, the SAC alleges that Rasch had a "familial relationship" with Multiflora, "which, at the time of the alleged transaction, was [] governed by her uncles" (SAC ¶ 47) and that Multiflora was the "uniquely-harmed shareholder" of Caban Systems, of which Rasch was CEO and co-founder (*id.* ¶¶ 47-49).

Defendant Alexandra Rasch argues that the new allegations are insufficient and that she cannot be on both sides of the transaction because she has no legal connection to Multiflora. The Court agrees. Familial relationships are not sufficient to support a fiduciary duty. Neither did defendant owe Multiflora a fiduciary duty on the basis of its status as a Caban Systems shareholder. *Malone v. Brincat*, 722 A.2d 5, 11 (Del. 1998) ("In the absence of a request for stockholder action, the Delaware General Corporation Law does not require directors to provide shareholders with information concerning the finances or affairs of the corporation.")

Because plaintiff has failed to establish that defendant has a legal relationship with Multiflora, plaintiff's claim for breach of fiduciary duty against Alexandra Rasch is dismissed with prejudice.

***Second,*** regarding replevin, the Court dismissed plaintiff's claim against Caban Systems as duplicative. (Dkt. No. 65, n. 9.) The Court instructed plaintiff to replead this claim only if it could identify how it is not duplicative. Plaintiff has failed to do so. Plaintiff cites *Foster v. Sexton* for the proposition that, "[i]n actions for specific recovery, whether in the nature of replevin or detinue, if the property cannot be recovered, judgment may be given for its value, and it is customary to pray for that alternative relief." 61 Cal. App. 5th 998, 1020 (2021) (citations omitted). However, as the next sentence of the opinion explains, "[u]nder current California law, the common law forms of action named replevin, detinue and trover *are addressed by the tort of conversion* of tangible personal property." *Id.* Because plaintiff failed to distinguish the replevin claim from its claim for conversion, the claim is dismissed without leave to amend.

**IT IS SO ORDERED.**

**Date:**   November 25, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**