Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Celine G. Purcell (SBN 305158)
cpurcell@nortonlaw.com
Rebecca Kutlow (SBN 333944)
rkutlow@nortonlaw.com
Saja Spearman-Weaver (SBN 355275)
sspearmanweaver@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Ste. 450
Oakland, CA 94612
Phone: (510) 906-4900
Fax: (510) 906-4910

Attorneys for Defendants
GAIA INVESTMENT HOLDINGS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MULTIFLORA INTERNATIONAL LTD., a British Virgin Islands company limited by shares,<br><br>        Plaintiff,<br><br>        vs.<br><br>CABAN SYSTEMS, INC., a Delaware corporation; GAIA INVESTMENT HOLDINGS CORP., a Panamanian corporation; ALEXANDRA RASCH, an individual; JACQUELINE RASCH, an individual; NADINE RASCH, an individual; CHRISTIAN RASCH, an individual; and DOES 1–20, inclusive,<br><br>        Defendants. | Case No. 4:24-cv-04455-YGR<br><br>**ANSWER OF GAIA INVESTMENT HOLDINGS CORP. TO MULTIFLORA'S SECOND AMENDED COMPLAINT** |

Defendant Gaia Investment Holdings Corp. hereby submits its answer to Multiflora's Second Amended Complaint. Gaia hereby responds below to the factual allegations contained in Multiflora's Second Amended Complaint. Gaia denies all the allegations in the Second Amended Complaint, except as expressly set forth below.

## INTRODUCTION

1. Gaia admits Multiflora has filed this action. It further admits defendant Christian Rasch is the father of Alexandra Rasch and Alexandra is the CEO of Caban. It further admits Christian Rasch was a director of Multiflora for many years. It further admits the shares at issue in this litigation were transferred from Multiflora to Gaia Investment Holdings which is a Panamanian company. Gaia admits when the transfer took place Alexandra and her sisters were officers of Gaia. Gaia denies the remaining allegations in paragraph 1.

2. Admit.

3. In October 2023 Caban's principal place of business changed from 858 Stanton Road in Burlingame, California to Dallas, Texas. Gaia otherwise admits the allegations in paragraph 3.

4. Admit.

5. Admit.

6. Admit.

7. Gaia admits Christian Rasch is a resident of Guatemala City, Guatemala and he is the father of Alexandra Rasch, Nadine Rasch, and Jacqueline Rasch. Gaia denies the remaining allegations in paragraph 7.

8. Gaia denies the allegations in paragraph 8.

### Agents, Co-Conspirators, Aiders & Abettors

9. The allegations in paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 9.

10. The allegations in paragraph 10 state legal conclusions to which no response is required.

1

To the extent a response is required, Gaia denies the allegations in paragraph 10.

11.    The allegations in paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 11.

12.    The allegations in paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 12.

13.    The allegations in paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 13.

14.    Caban and Alexandra admit the allegations in paragraph 14.

15.    Caban and Alexandra admit the allegations in paragraph 15.

## FACTUAL ALLEGATIONS

16.    Gaia admits that Multiflora is a British Virgin Islands Company owned in part by Allan Rasch, Olaf Rasch, and Christian Rasch. Gaia is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 16 and on that basis denies them.

17.    Gaia admits that Christian Rasch is the eldest of the three Rasch brothers and managed Multiflora for many years. Gaia is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 17, and, on this basis, denies them.

18.    Gaia admits that in early 2020 the COVID-19 pandemic caused significant disruptions to business and economic activity worldwide. Gaia is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 18, and, on this basis, denies them.

19.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and, on this basis, denies them.

20.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, on this basis, denies them.

21.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and, on this basis, denies them.

22.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the

2

allegations in paragraph 22, and, on this basis, denies them.

23.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and, on this basis, denies them.

24.    Gaia admits that in 2018 and 2019 Alexandra was living in the San Francisco Bay Area. Gaia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and, on this basis, denies them.

25.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and, on this basis, denies them.

26.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and, on this basis, denies them.

27.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and, on this basis, denies them.

28.    Gaia admits Caban shares were transferred to Gaia in September 2020.  Gaia is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 28, and, on that basis, denies them.

29.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies them.

30.    Gaia admits that Jacqueline Rasch and Nadine Rasch Castillo are officers of Gaia Holdings.  Gaia admits Alexandra Rasch was an officer of Gaia until December 2021, but not after. Gaia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and, on this basis, denies them.

31.    Gaia admits that Caban is a small start-up company "offering a best in class energy storage platform for the telecommunication infrastructure industry," "[s]erving some of the largest tower companies in Latin America" and received a $1.9M grant from the California Energy Commission to expand production of energy systems at its Burlingame headquarters. Gaia also admits that Caban issued a press release in February 2021 stating its Enduro System, Caban's signature lithium-ion energy storage battery, would support the deployment of reliable internet connectivity for El Salvador's Greater Coastal Communities.  Gaia is without knowledge or information sufficient to form a belief as to the truth of the

3

remaining allegations in paragraph 31, and, on this basis, denies them.

32.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and, on this basis, denies them.

33.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and, on this basis, denies them.

34.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and, on this basis, denies them.

35.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and, on this basis, denies them.

36.    Gaia denies the allegations in paragraph 36.

37.    Gaia admits that an August 31, 2020 Stock Transfer Agreement between Multiflora and Gaia was signed by Christian Rasch on behalf of Multiflora and Jacqueline Rasch Castillo, as secretary of Gaia.  Gaia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, on that basis, denies them.

38.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies them.

39.    Gaia admits that Jacqueline Rasch, Christian's daughter, signed the SPA on behalf of Gaia.  Gaia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and, on this basis, denies them.

## DISCOVERY & TOLLING

40.    Gaia denies the allegations in paragraph 40.

41.    Gaia is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and, on this basis, denies them.

42.    Gaia denies the allegation in paragraph 42 that "July 30, 2021, … is when Multiflora finally learned that there was no exchange of consideration for the transfer of the shares it owned in Caban Systems to Gaia Investment Holdings."  The remaining allegations in paragraph 42 state legal conclusions, to which no response is required.   To the extent a response is required, Gaia lacks sufficient information to admit or deny the allegations in paragraph 42 and, on that basis, denies them.

4

## **FIRST CAUSE OF ACTION**

### **BREACH OF FIDUCIARY DUTY**

### (*Against Defendants Christian Rasch and Alexandra Rasch*)

43. Paragraph 43 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

44. The allegations in paragraph 44 state legal conclusions, to which no response is required. To the extent a response is required, Gaia lacks sufficient information to admit or deny the allegations in paragraph 44 and, on that basis, denies them. Gaia denies the remaining allegations in paragraph 44. Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

45. The allegations in paragraph 45 state legal conclusions, to which no response is required. To the extent a response is required, Gaia lacks sufficient information to admit or deny the allegations in paragraph 45 and, on that basis, denies them. Gaia denies the remaining allegations in paragraph 45. Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

46. The allegations in paragraph 46 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 46.  Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

47. The allegations in paragraph 47 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 47.  Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

48. The allegations in paragraph 48 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 48.  Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

49. The allegations in paragraph 49 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 49.  Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

50. The allegations in paragraph 50 state legal conclusions, to which no response is required.

5

To the extent a response is required, Gaia denies the allegations in paragraph 50.  Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

**51.**	The allegations in paragraph 51 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 51.  Further, the Court has dismissed the breach of fiduciary duty claim as to Alexandra Rasch with prejudice.

**SECOND CAUSE OF ACTION**

**AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY**

**(*Against Defendants Gaia Investment Holdings and Nadine Rasch*)**

52.	Paragraph 52 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

53.	Gaia lacks sufficient information to admit or deny the allegations in paragraph 53 and, on that basis, denies them.

54.	The allegations in paragraph 54 state legal conclusions, to which no response is required. To the extent a response is required, Gaia lacks sufficient information to admit or deny the allegations in paragraph 54 and, on that basis, denies them.  Gaia denies the remaining allegations in paragraph 54.

55.	The allegations in paragraph 55 state legal conclusions, to which no response is required. To the extent a response is required, Gaia lacks sufficient information to admit or deny the allegations in paragraph 55 and, on that basis, denies them. Gaia denies the remaining allegations in paragraph 55.

56.	The allegations in paragraph 56 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 56.

57.	The allegations in paragraph 57 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 57.

**THIRD CAUSE OF ACTION**

**CONVERSION**

**(*Against Defendants Gaia Investment Holdings and Nadine Rasch*)**

58.	Paragraph 58 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

59.	The allegations in paragraph 59 state legal conclusions, to which no response is required.

6

To the extent a response is required, Gaia denies the allegations in paragraph 59.

60.    The allegations in paragraph 60 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 60.

61.    The allegations in paragraph 61 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 61.

62.    The allegations in paragraph 62 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 62.

63.    The allegations in paragraph 63 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 63.

## FOURTH CAUSE OF ACTION
### CIVIL CONSPIRACY
#### (*Against All Defendants*)

64.    Paragraph 64 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

65.    Gaia admits that Alexandra Rasch and her sisters Jacqueline Rasch and Nadine Rasch were officers of Gaia at relevant times and are the daughters of Christian Rasch. The remaining allegations in paragraph 65 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the remaining allegations in paragraph 65.

66.    The allegations in paragraph 66 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 66.

67.    The allegations in paragraph 67 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 67.

## FIFTH CAUSE OF ACTION
### FRAUDULENT TRANSFER – ACTUAL INTENT
#### (*Against All Defendants*)

68.    Paragraph 68 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

69.    The allegations in paragraph 69 state legal conclusions, to which no response is required.

ANSWER OF GAIA INVESTMENT HOLDINGS CORP. TO MULTIFLORA'S SECOND AMENDED COMPLAINT
CASE NO. 4:24-cv-04455-YGR

To the extent a response is required, Gaia denies the allegations in paragraph 69.

70. The allegations in paragraph 70 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 70.

71. Gaia lacks sufficient information to admit or deny the allegations of paragraph 71 and, on that basis, denies them.

72. The allegations in paragraph 72 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 72.

73. The allegations in paragraph 73 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 73.

74. The allegations in paragraph 74 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 74.

75. The allegations in paragraph 75 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 75.

76. Gaia admits that it owns and controls the shares at issue in this litigation. The remaining allegations in paragraph 76 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the remaining allegations in paragraph 76.

77. The allegations in paragraph 77 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 77.

## SIXTH CAUSE OF ACTION

### RESCISSION

**(*Against Defendant Gaia Investment Holdings*)**

78. Paragraph 78 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

79. The allegations in paragraph 79 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 79.

80. The allegations in paragraph 80 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 80.

81. The allegations in paragraph 81 state legal conclusions, to which no response is required.

To the extent a response is required, Gaia denies the allegations in paragraph 81.

82.    The allegations in paragraph 82 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 82.

83.    The allegations in paragraph 83 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 83.

84.    The allegations in paragraph 84 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 84.

85.    Gaia admits that Multiflora seeks to rescind the SPA and alleges fraud.  The remaining allegations in paragraph 85 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the remaining allegations in paragraph 85.

86.    The allegations in paragraph 86 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 86.

**SEVENTH CAUSE OF ACTION**

**CLAIM AND DELIVERY/REPLEVIN**

(***Against Defendant Gaia Investment Holdings and Caban Systems***)

87.    Paragraph 87 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

88.    Gaia admits Multiflora seeks damages as described in paragraph 88.  The remaining allegations in paragraph 88 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the remaining allegations in paragraph 88. Further, the Court has dismissed the replevin claim as to Caban Systems with prejudice.

89.    The allegations in paragraph 89 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 89.  Further, the Court has dismissed the replevin claim as to Caban Systems with prejudice.

90.    The allegations in paragraph 90 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 90.  Further, the Court has dismissed the replevin claim as to Caban Systems with prejudice.

## EIGHTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (*Against All Defendants*)

91.     Paragraph 91 is an incorporation paragraph, to which no response is required. To the extent a response is required, Gaia incorporates its responses to the applicable paragraphs.

92.     The allegations in paragraph 92 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 92.

93.     The allegations in paragraph 93 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 93.

94.     The allegations in paragraph 94 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 94.

95.     The allegations in paragraph 95 state legal conclusions, to which no response is required. To the extent a response is required, Gaia denies the allegations in paragraph 95.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is required. To the extent a response is required, Gaia denies that Plaintiff is entitled to any of the relief requested or to any other relief.

## JURY DEMAND

Gaia acknowledges Plaintiff has demanded a jury trial and makes a parallel demand.

## AFFIRMATIVE DEFENSES

By alleging these or other defenses, Gaia does not concede it has the burden of proof or persuasion with respect to any defenses or related issue.  Gaia specifically reserves all affirmative or other defenses as may become available or apparent upon further case developments.

### First Affirmative Defense: Statute of Limitations

Each and every claim brought against Gaia in the Second Amended Complaint is barred by applicable statutes of limitations.

### Second Affirmative Defense: Failure to State a Claim

The Second Amended Complaint, and each claim therein, fails to state a claim for which relief

10

can be granted.

### Third Affirmative Defense: Lack of Damages

Plaintiff has not suffered any injury or damages and Gaia denies it is liable to Plaintiff for any injury or damage claimed or any injury or damage whatsoever.

### Fourth Affirmative Defense: Unjust Enrichment

Plaintiff's claims against Gaia are barred by the doctrine of unjust enrichment.

### Fifth Affirmative Defense: Laches

Plaintiff's claims against Gaia are barred by the doctrine of laches.

### Sixth Affirmative Defense: Failure to Join a Necessary or Indispensable Party

Plaintiff's claims against Gaia are barred because it is impossible to join one or more necessary and indispensable parties in this litigation; namely, Jacqueline Rasch, Nadine Rasch, and Christian Rasch.  These necessary and indispensable parties cannot be joined because this Court lacks jurisdiction over them.

### Seventh Affirmative Defense: Failure to Mitigate Damages

Plaintiff's claims against Gaia are barred in whole or in part because plaintiff failed to take reasonable measures to mitigate any claimed damages.

### Eighth Affirmative Defense: Lack of Jurisdiction

Gaia is a Panamanian company and does not have sufficient contacts with the United States, let alone California, for this Court to exercise jurisdiction.

Dated:  May 22, 2026                                    Respectfully Submitted,

THE NORTON LAW FIRM PC


By:    */s/ Celine G. Purcell*
            Celine G. Purcell

Attorneys for Defendant
GAIA INVESTMENT HOLDINGS CORP.

11

ANSWER OF GAIA INVESTMENT HOLDINGS CORP. TO MULTIFLORA'S SECOND AMENDED COMPLAINT
CASE NO. 4:24-cv-04455-YGR